# CHARLESTON.

## WALTON v. CHEROKEE COLLIERY Co.

Submitted March 15, 1910. Decided November 28, 1911.

1. MASTER AND SERVANT—*Injuries to Third Person—Independent Contractors.*

    Generally, if one let work, lawful within itself, to a contractor and retain no control over the manner of its performance, he is not liable on account of negligence of the contractor or his servants. But if the work is intrinsically dangerous, or is of such character that injury to third persons, or to their property, might reasonably be expected to result directly from its performance, if reasonable care should be omitted, the employer is not relieved from liability by delegating the performance of the work to an independent contractor. (p. 50).

2. INDEMNITY—*Express Contract—Validity.*

    A contractor who engages to perform such work can bind himself by a promise to indemnify his employer against liability to third persons. (p. 51).

3. SAME—*Express Contract—Right of Action.*

    The employer may settle, without suit, the damage against which he is indemnified, and recoup the same in an action brought by the contractor for the price of the work, provided, however, the amount paid does not exceed the damage actually

suffered.  A settlement thus made between the indemnitee and the party injured, is not conclusive on the indemnitor.  (p. 51).

Error to Circuit Court, McDowell County.

Action by Samuel Walton, trading as Walton & Luck, against the Cherokee Colliery Company.  Judgment for plaintiff, and defendant brings error. ·

*Reversed and Remanded.*

*Anderson, Strother & Hughes,* for plaintiff in error.

*D. E. French,* for defendant in error.

WILLIAMS, PRESIDENT:

Plaintiff sued defendant in *assumpsit* to recover a balance alleged to be due on contract for the construction of a piece of railroad and the building of coke ovens for defendant, at a stipulated price, and recovered a judgment in the circuit court of McDowell county for $481.85.  Defendant sued out this writ of error.

The evidence is not made a part of the record.  Defendant tendered a notice of recoupment which the court rejected, but which it made a part of the record by its order.  The notice alleges that plaintiff undertook to build a certain piece of railroad track and to construct a number of coke ovens for a fixed price, that the piece of railroad was to be built over certain premises belonging to the Ashland Coal & Coke Company, that there was an express agreement between plaintiff and defendant that plaintiff was to perform the work of grading the railroad and building the coke ovens "without damaging or injuring in any manner or form the premises adjacent to and near-by the lands on which said railroad and coke ovens were constructed, and were bound to save harmless this defendant from all damages or claim for damages on account of any and all injury and damage done to the property of third parties, during the performance by said Plaintiff of the said work."  The notice also avers that plaintiff injured a barn and other buildings owned by the Ashland Coal & Coke Company, and otherwise did damage to the property of said company by casting stone, dirt, timber, and other debris upon its premises, and that on account of such injury

defendant was compelled to pay, and did pay, to the Ashland
Coal & Coke Company the sum of $401.84. The court rejected
this notice, and denied defendant the right to recoup the dam-
ages which it had paid to the Ashland Coal & Coke Company.

Ordinarily when a person employs an independent contractor
to perform a piece of work, which is lawful, within itself, and
retains no control over the manner in which the work is to be
done, he is not liable for the negligence of the independent con-
tractor, or his servants, in the performance of the work. But
this rule is subject to this important exception: If the work
is intrinsically dangerous, and is of such character as will likely
produce injury to third persons, if proper care should not be
taken, the owner cannot avoid liability by delegating its per-
formance to an independent contractor. 1 Sher. & Red. on Neg-
ligence, sec. 175. The supreme court of Ohio, in *Railroad Co.*
v. *Morey,* 47 Ohio St. 207 (7 L. R. A. 701), thus states the rule:
"One who causes work to be done is not liable, ordinarily, for in-
juries that result from carelessness in its performance by the em-
ployes of an independent contractor to whom he has let the work,
without reserving to himself any control over the execution of it.
But this principle has no application where a resulting injury,
instead of being collateral and flowing from the negligent act of
the employe alone, is one that might have been anticipated as a
direct or probable consequence of the performance of the work
contracted for, if reasonable care is omitted in the course of its
performance. In such case the person causing the work to be
done will be liable though the negligence is that of an employe
of an independent contractor." In that case R. P. Willis & Son
had contracted to plumb the Railroad Company's depot, and said
company knew that it was necessary to dig a ditch across one of
the public streets of the town, to receive one of the pipes. The
ditch was dug, and was left open and unguarded by any sign of
warning, and Morey fell into it in the nighttime without fault
on his part. The court there held the railroad company liable,
notwithstanding it had no control over the manner of perform-
ing the work.

In the *City of Joliett* v. *Harwood,* 86 Ill. 110, the supreme
court of Illinois applied the same rule to a municipal corpora-
tion, and held the city liable for injury to the property of one of

its citizens, occasioned by a blast which was necessary to be made in the construction of a sewer by O'Riley, an independent contractor, notwithstanding the blast was made in a manner apparently "secure and skillful." The court there held that the doctrine of *respondeat superior* did not apply, because the work was intrinsically dangerous however skillfully performed. To the same effect are the following authorities: *Pye* v. *Faxon,* 156 Mass. 471; *Brannock* v. *Elmore,* 114 Mo. 55; *Covington &c. Bridge Co.* v. *Steinbrock,* 61 Ohio St. 215 (7 Am. Neg. Rep. 154). In the report of the case in the volume last cited, the editor has appended numerous notes, and citations of other cases which support the rule.

If the construction of the railroad and the building of the coke ovens, in the present case, necessitated the blasting of rock which would, within reasonable contemplation, subject the buildings of the Ashland Coal & Coke Company, situated near the work, to the risk of danger, defendant could not relieve itself from liability by employing plaintiff to do the work. In such case, plaintiff could make a binding contract of indemnity. Defendant had a right to prove that the work was of such character as would cause it to be primarily liable for injury to third parties from its performance, but the court, by rejecting its notice of recoupment, cut off its right to introduce evidence on the question. Defendant also had a right to prove that the promise of indemnity was supported by a valuable consideration, if such is the fact.

The notice further avers that defendant was compelled to pay, and that it did pay, damages to the Ashland Coal & Coke Company. If defendant was liable, in law, to the Ashland Coal & Coke Company, it was not bound to wait until it was sued, and a judgment recovered against it, before making payment. It had a right to settle the matter without suit. But the amount paid in settlement of the alleged damage, of course, is not conclusive against plaintiff. He has a right to controvert the amount. 22 Cyc. 92, and cases cited in note 73; 16 A. & E. E. L. (2nd ed.) 177.

The notice also avers that the promise of indemnity was made at the time plaintiff undertook the work. If this is so, it was a part of the contract on which plaintiff sues, and entitles defendant to recoup damages flowing from its breach. *Logie* v. *Black,* 24 W. Va. 1; 34 Cyc. 658.

The judgment will be reversed and the case remanded for further proceedings to be had therein according to the law as herein stated, and further according to law applicable to such cases.

*Reversed and Remanded.*