# CHARLESTON.

STATE *ex rel.* G. W. HATFIELD v. W. O. PORTER, MAYOR, *et al.*

Submitted May 29, 1919.   Decided May 29, 1919.

1. MUNICIPAL CORPORATIONS—*Legislative Authority—Scope.*
   A municipal corporation has only such legislative authority as has been expressly or impliedly delegated to it by the legislature. (p. 401).

2. ELECTIONS—*Registration of Voters—Regulation by Cities—Power —Constitutional or Statutory Authority.*
   In the absence of a statute or constitutional provision conferring it, a municipality has no power to provide for registration of voters for the purpose of a municipal election.   (p. 401).

3. SAME—*Mandamus—Registration of Voters.*
   A city authorized to conduct its elections without registration of its voters, or to adopt the general registration law of the state for such purpose, with specified modifications, cannot provide by ordinance for registration in a manner and to have an effect

different from those provided by such registration law; and, in case of its failure to adopt the general registration law, mandamus lies, at the instance of a voter, to compel it to hold and conduct its election without registration of voters.  (p. 401).

Original mandamus by the State, on relation of G. W. Hatfield, against W. O. Porter, Mayor etc., and others.

*Peremptory writ awarded.*

*Harry Scherr* and *B. Randolph Bias,* for relator.
*Geo. W. McClintic,* for respondents.

POFFENBARGER, JUDGE:

Relator seeks a writ of mandamus requiring the Commissioners of the City of Williamson to conduct the city election about to be held in that municipality, without registration of the voters thereof, they having failed to provide for such registration, in the manner in which the law authorizes them to make provision therefor.  The general registration law does not apply to a municipal election, unless adopted, with certain specified changes, for such elections, by the governing authorities of the municipality.  Code, ch. 3, sec. 98a (15).  In lieu of adoption of that law for the City of Williamson, the Commissioners passed an ordinance providing a plan or scheme of registration differing from the general registration law, in respect of matters as to which the statute does not authorize alterations, namely, the number of registrars to be appointed, their mode of procedure, corrections of the books by the Commissioners and the effect of registration, when made.  It provides for only two registrars for the entire city, while the general law requires two for each precinct. The registrars are not required to sit together for correction and completion of their lists, after having given notice of the times and places of such sittings.  No provision is made for notice to a person registered, of purpose to strike his name from the books, for improper registration.  The ordinance provides that all persons registered shall be permitted to vote.  The general law does not so provide.

The motive for adoption of this crudely drawn ordinance may have been perfectly pure, but the Commissioners had no authority to pass it. Municipal corporations have only such legislative powers as are expressly or impliedly delegated to them by legislative acts. *Judy* v. *Lashley,* 50 W. Va. 628; *State ex rel. Moreley* v. *Godfrey,* 54 W. Va. 54. Nor can any addition to the terms of a statute, delegating legislative power, be made by construction. Such statutes are strictly construed. *Parkersburg Gas Co.* v. *Parkersburg,* 30 W. Va., 435; *Bluefield Water etc. Co.* v. *Bluefield,* 69 W. Va., 1. Authority in the City to go beyond the terms of the general statute is not claimed. The charter of the city contains no provision purporting to confer power to pass a registration ordinance differing from the general registration statute. A city can do no more than change the time of registration and return thereof, and devolve the functions performed by county courts, in general elections, upon municipal authorities designated for the purpose by ordinance or resolution.

Having failed to provide the only kind of registration the law empowers it to have and attempted to provide for registration in a manner, and to have an effect, not authorized, the City of Williamson must hold its election without registration, in compliance with the statutory requirement in cases in which municipalities have not adopted the general registration law with permissible modifications. As the election is required to be held, June 5, it is too late to provide for legal, valid registration. The departures, or provisions in excess of authority conferred, may not be very important nor harmful, and their presence in the ordinance may have been occasioned by mere inadvertence, but they are illegal regulations, nevertheless, from which any legal voter of the city has clear right to be absolved. In other words, the legal voters of the city are entitled to vote in said election without registration and to have a writ of mandamus commanding the Commissioners of the City of Williamson to cause said election to be held and conducted, and to ascertain and declare the result thereof, without reference to the registration made

under the ordinance in question and in entire disregard thereof. An order will be entred awarding such writ.

*Peremptory writ awarded.*