CLYDE O. LAW, *et al.*

*v.*

ROBERT W. W. PHILLIPS, *et al.*

(CC 786)

Submitted October 12, 1951. Decided January 9, 1952.

762

*Hall, Paul & Phillips, Charles F. Paul, John D. Phillips,* and *David B. Holden,* for plaintiffs.

*Handlan, Garden, Matthews & Hess, Carl G. Bachmann, Gilbert S. Bachmann, Jay T. McCamic,* and *Wayne T. Brooks,* for defendants.

HAYMOND, JUDGE:

In this action of trespass on the case, instituted in the Circuit Court of Ohio County, the plaintiffs Clyde O. Law, James M. Hawley, Wade H. Kepner, E. E. Cole, E. F. Klebe, E. P. Pieper, Don J. Byrum, W. A. Fritz and A. E. Klebe, Trustees of Fourth Street Methodist Church in the City of Wheeling, West Virginia, seek to recover from the defendants Robert W. W. Phillips, Marian E. Phillips, and Seabright Construction Company, a corporation, damages for injury to a church on land of the plaintiffs adjoining land of the defendants R. W. W. Phillips and Marian E. Phillips, caused by the alleged negligence of the defendants in the performance by the defendant Seabright Construction Company of a certain contract between it and the Phillipses for the construction of a building on their land. To the amended declaration, and its two counts, the defendants R. W. W. Phillips and Marian E. Phillips filed their joint and separate demurrer and the defendant Seabright Construction Company filed its separate demurrer. The circuit court sustained the demurrer of the defendants Robert W. W. Phillips and Marian E. Phillips to both counts, overruled the demurrer of the defendant Seabright Construction Company to the first count but sustained it to the second count, of the amended declaration, and, on its own motion, certified its rulings to this Court by order entered July 6, 1951.

The allegations of the first count of the amended declaration are, in substance, that the plaintiffs, as trustees, own a parcel of land on the west side of Chapline Street in Wheeling on which is situated a large church edifice of heavy stone construction which has been used for many years as a place of worship by the members of

Fourth Street Methodist Church; that the defendants Robert W. W. Phillips and Marian E. Phillips acquired in April, 1949, and now own, a parcel of land on the west side of Chapline Street adjoining the land of the plaintiffs; that both parcels of land extend westerly along the division line between them to an alley in the rear; that there formerly existed upon the land now owned by the defendants Robert W. W. Phillips and Marian E. Phillips a residence building of brick and frame construction which was converted to use for business purposes; that they caused that building to be razed and demolished and undertook to replace it with a new business building of brick, concrete and steel construction upon all of their land so that the north wall and foundation of the new building would be "in close proximity" to the south wall and foundation of the church located on the land of the plaintiffs; that they caused plans and specifications to be made for the new building which provided for a basement and foundation walls and excavation for them extending to a depth of two to four feet below the foundation of the church; that the defendants entered into a contract for the construction of the new building and the making of the excavation by the defendant Seabright Construction Company; that the soil and the subsoil in and underlying both adjoining parcels of land consisted of sand and gravel, with the nature of which soil and the location, proximity, age and condition of the church the defendants were acquainted and knew, or by the exercise of reasonable care could have known, that the church edifice would be endangered by the excavation on the land of the defendants Robert W. W. Phillips and Marian E. Phillips, unless before starting such excavation and while making it proper precautions were taken to protect the land and the church owned by the plaintiffs and to prevent damage to them and interference with their support which would result from slipping, sliding and flowing of the soil and the subsoil adjoining, underlying and supporting the foundations of the church.

The first count of the amended declaration then alleges,

in substance, that, notwithstanding the duties which the defendants owed to the plaintiffs in the stated conditions and circumstances, the defendants negligently entered upon the land of the defendants Robert W. W. Phillips and Marian E. Phillips and excavated and removed the sand and the gravel to a depth below the foundations of the church along the entire length of their land and to a point or a line in close proximity to the south wall and foundations of the church, without notifying the plaintiffs of their intention so to do or of the plans for, or the nature, the extent and the depth of, the proposed excavation, and without taking reasonable and necessary precautions to protect and prevent damage to the land and the church owned by the plaintiffs; that damage as the result of such excavation being apparent, it was the further duty of the defendants to take such precautions as were reasonable and necessary to prevent further damage to the church and "to fill in, shore up, or otherwise prevent the further slipping, sliding or flowing of the soil" surrounding and supporting the south wall of the church; that the defendants failed to take such precautions but instead negligently made further excavation adjoining and beneath the south foundation wall of the church in a belated and ineffectual effort to underpin such wall by negligently placing and installing concrete piers and footings; and that the designated negligent acts and omissions of the defendants proximately caused the foundations of the church to subside and settle and numerous cracks and fissures to occur in its walls, partitions, and floors, and rendered the church unfit for use and occupancy.

The second count of the amended declaration is based upon the alleged violation by the defendants of certain provisions of Part 1, Section 507, subparagraphs a and b of a building ordinance adopted by the Council of the City of Wheeling in June, 1946, which, as stated in the second count, are in these words: "1. Excavation. (a) No excavation shall extend within 1 ft. of the natural slope of the soil under any footing or foundation, unless such

footing or foundation has been properly underpinned or protected against possible settlement. (b) Any person causing an excavation to be made shall protect the excavation so that the adjoining soil will be supported and shall extend the foundations of adjoining buildings at his own expense. * * *."

The allegations of that count of the amended declaration, in substance, are that the defendants, in violation of the ordinance, negligently made an excavation on the land of the defendants Robert W. W. Phillips and Marian E. Phillips within one foot of the natural slope of the soil under the footing or the foundation of the church two to four feet below the natural slope of the soil under such footing or foundation, without properly underpinning or protecting it against possible settlement and negligently failed to protect the excavation in such manner that the adjoining soil surrounding and underlying the foundation of the church would be supported; and that the negligent acts and omissions of the defendants proximately caused the foundations of the church to subside and settle and numerous cracks and fissures to occur in its walls, partitions and floors, and rendered the church unfit for use and occupancy.

The questions certified to this Court, as set forth in the certificate of the circuit court, are these:

"(1) Are the defendants, Robert W. W. Phillips and Marian E. Phillips, responsible for the negligent acts charged, inasmuch as the Amended Declaration shows on its face that the defendant, Seabright Construction Co., acted as an independent contractor in the premises?

"(2) Is Part 1 of Section 507 of that certain Ordinance duly and regularly adopted by the Council of the City of Wheeling on or about June 18, 1946, known as 'Building Ordinance 1946', and pleaded in the Second Count of said Amended Declaration, constitutional as sought to be applied to the facts of this case as alleged in the Amended Declaration?

"(3) Does the Amended Declaration sufficiently allege a cause of action against the defendants, Robert W. W. Phillips and Marian E. Phillips, jointly or severally, in either the First or Second Counts of said Amended Declaration?

"(4) Does the Amended Declaration sufficiently allege a cause of action against the defendant, Seabright Construction Co., in either the First or Second Counts of said Amended Declaration?"

The first count of the amended declaration charges in effect that it was the duty of the defendants Robert W. W. Phillips and Marian E. Phillips, and the defendant Seabright Construction Company, which made the excavation complained of, before starting such excavation, to notify the plaintiffs of the intention of the defendants to excavate the land owned by the defendants Robert W. W. Phillips and Marian E. Phillips to a depth below the foundation walls of the church edifice situated on the adjoining land of the plaintiffs, and to inform the plaintiffs fully of the plans and the nature, the extent and the depth of the proposed excavation; to take reasonable and necessary precautions, before starting such excavation in the sand and the gravel composing the soil and the subsoil of the adjoining lands of the plaintiffs and the defendants Robert W. W. Phillips and Marian E. Phillips, to protect the land of the plaintiffs and the church edifice located on it from injury and damage and from interference with the support of their land which would result from the slipping, the sliding and the flowing of the soil and the subsoil adjoining, surrounding, underlying and supporting the foundations of such church edifice and, in making such excavation, and during its progress, to exercise reasonable care and caution to protect the land and the church edifice of the plaintiffs; to conduct such excavation in a careful and prudent manner; and to take reasonable and necessary precautions to prevent damage to and interference with the support of the land and the church edifice of the plain-

tiffs; that the defendants disregarded and violated the foregoing duties by their negligent acts and omissions; and that such negligent acts and omissions proximately caused injury and damage to the land and the church edifice of the plaintiffs.

In *Walker* v. *Strosnider,* 67 W. Va. 39, 67 S. E. 1087, 21 Ann. Cas. 1, the leading case in this jurisdiction dealing with the common law doctrine of lateral support, this Court thoroughly considered and discussed in detail the relative rights of the owners of adjoining lands to support for such lands and the structures erected on them and the relative duties of owners of adjoining lands to protect and prevent damage to such lands and the structures erected on them. In the *Walker* case this Court held, in points 1, 2, 4, 6 and 8 of the syllabus, respectively, that "An owner of land is entitled, *ex jure naturae,* to lateral support in the adjacent land for his soil, but not for buildings erected thereon."; that "An excavation, made by an adjacent owner, so as to take away the lateral support, afforded to his neighbor's ground, by the earth so removed, and cause it, of its own weight, to fall, slide or break away, makes the former liable for the injury, no matter how carefully he may have excavated. Such right of support is a property right and absolute."; that "An adjoining owner, excavating on his own land, must exercise reasonable care, prudence and skill, in so doing, for the safety of buildings, if any, standing on the adjacent land. This duty is enjoined, not by any right of support, *ex jure naturae,* that the owner of the building has in the adjoining land, but by a legal rule of conduct, requiring every owner of property so to use it as not to injure his neighbor's."; that "* * * the measure of his duty goes beyond the exercise of care in making the excavation, a mere incident of the alteration intended, and extends to reasonable means of temporary support of the adjacent building, while the work of erecting the new structure is in progress."; and that "* * * the adjoining owner is under the further duty of giving the owner of the building notice of his intention to alter the condition

of his property, the character of the alteration to be made and the time thereof, and allow him opportunity to adopt such further measures for the absolute protection and security of his building as he may see fit to adopt.".

The foregoing principles relating to the lateral support for the land of a landowner in adjoining land, and the protection to which such landowner is entitled for structures on his land, in so far as they apply to the facts alleged in the first count of the amended declaration, impose upon the defendant Seabright Construction Company the duties charged against it. It made the excavation of the land of the defendants Robert W. W. Phillips and Marian E. Phillips, at their instance, under the contract between them and it for the construction of the new building, and the particular negligent acts and omissions upon the part of the defendant Seabright Construction Company, as charged, constituted a breach of those duties and were the proximate cause of the injuries and the damages of which the plaintiffs complain. The material allegations of the first count of the amended declaration, which on demurrer are taken as true, sufficiently state a cause of action against the defendant Seabright Construction Company, and, if supported by proof, entitle the plaintiffs to a recovery from it for the damages which its negligent acts and omissions proximately caused to the land of the plaintiffs and the church edifice located upon it.

The defendants Robert W. W. Phillips and Marian E. Phillips, however, vigorously contend that they are not liable to the plaintiffs, under the allegations of the first count of the amended declaration, for the reason that the excavation which resulted in damage to the land and the church edifice of the plaintiffs was made, not by them but by the defendant Seabright Construction Company, an independent contractor under the contract entered into between them and it for the construction by it of the new building on their land. Otherwise stated, the contention of the defendants Robert W. W. Phillips and Marian E. Phillips is that as the damage complained of

was caused by an independent contractor whose acts and conduct were not subject to their supervision or control, they are not liable for its acts and conduct.

It is clear from the allegations of the first count of the amended declaration that the relation existing between the defendants Robert W. W. Phillips and Marian E. Phillips and the defendant Seabright Construction Company under the contract and while the work complained of was being performed was that of employer and independent contractor. The firmly established general rule with reference to the immunity from liability of the employer for the negligence of a competent and capable independent contractor in the performance of the work covered by the contract is that where one person has contracted with a competent and fit person, who exercises an independent employment to do work, not in itself unlawful or of such a nature that it is likely to become a nuisance or to subject third persons to unusual damage, according to the contractor's own methods and without being subject to control by the employer except as to the results of the work, will not be answerable for the wrongs of such contractor, or his servants, committed in the prosecution of the work. *Vickers* v. *Kanawha and West Virginia Railroad Company,* 64 W. Va. 474, 63 S. E. 367, 20 L. R. A., N. S., 793, 131 Am. St. Rep. 929; *Rogers* v. *Boyers,* 114 W. Va. 107, 170 S. E. 905; *Trump* v. *Bluefield Water Works and Improvement Company,* 99 W. Va. 425, 129 S. E. 309;: *Walton* v. *Cherokee Colliery Company,* 70 W. Va. 48, 73 S. E. 63; *Carrico* v. *West Virginia C. and P. Railway Company,* 39 W. Va. 86, 19 S. E. 571, 24 L. R. A. 50; *Wilson* v. *City of Wheeling,* 19 W. Va. 323, 42 Am. Rep. 780; *Atlanta and F. R. Co.* v. *Kimberly,* 87 Ga. 161, 13 S. E. 277, 27 Am. St. Rep. 231; *Mann* v. *Max,* 93 N. J. L. 191, 107 A. 417, 21 A. L. R. 1227; *Ohio Southern Railroad Company* v. *Morey,* 47 Ohio St. 207, 24 N. E. 269, 7 L. R. A. 701; 27 Am. Jur., Independent Contractors, Section 27; 57 C. J. S., Master and Servant, Section 584. The general rule just stated is, however, subject to certain well defined exceptions. *Walker* v. *Strosnider,* 67 W. Va. 39, 67 S. E. 1087, 21

Ann. Cas. 1. It is also well settled that an employer who orders work to be performed, from which, in the natural course of things, injurious consequences must be expected to arise unless means are adopted by which such consequences may be prevented, is bound to see that necessary precautions are taken to prevent injury, and such person can not, by employing some other person, relieve himself of his liability to do what is necessary to prevent the work from becoming wrongful. 27 Am. Jur., Independent Contractors, Section 38.

When the injury is a direct result of the work contracted for, it is generally held that if the owner of a lot employs a contractor to make an excavation on it which removes the lateral support of a building of an adjoining owner the doctrine of respondeat superior is applicable, and the liability of the owner of the lot is to be determined as though he actually made the excavation himself. 27 Am. Jur., Independent Contractors, Section 45; 57 C. J. S., Master and Servant, Section 587. In *Walker* v. *Strosnider,* 67 W. Va. 39, 67 S. E. 1087, 21 Ann. Cas. 1, the opinion contains this quotation from 16 American and English Encyclopedia of Law 196: "If the injury results directly from the acts called for or rendered necessary by the contract, and not from acts which are merely collateral to the contract, the employer is liable as if he had himself performed such acts." The employer of an independent contractor is liable when the performance of the contract, in the ordinary mode of doing the work, necessarily or naturally causes injury; and the rule exempting an employer from liability for the negligence of an independent contractor does not apply when injury occurs as a direct result of the performance by the contractor, in the ordinary manner, of the work which he has been employed to perform. *Carlson* v. *Stocking,* 91 Wis. 432, 65 N. W. 58. In the leading case of *Pickford* v. *Smith,* 10 C. B. N. S. 470, 142 Eng. Reprint 535, 4 L. T. N. S. 470, the holding was that the general doctrine as to the nonliability of an employer for the negligence of an independent contractor is inapplicable when the act that

causes the injury is the act which the contractor was employed to do; and in another English case, *Hole* v. *Sittingbourne and Sheerness Railway Company*, 6 Hurlston and Norman 497, 158 Eng. Reprint 204, Wilde B., uses this language: "The distinction appears to me to be that, when work is being done under a contract, if an accident happens and an injury is caused by negligence in a matter entirely collateral to the contract, the liability turns on the question of whether the relation of master and servant exists. But when the thing contracted to be done causes the mischief, and the injury can only be said to arise from the authority of the employer because the thing contracted to be done is imperfectly performed, there the employer must be taken to have authorized the act and is responsible for it." See 21 A. L. R., Annotation, pages 1229 to 1234.

In *Trump* v. *Bluefield Water Works and Improvement Company*, 99 W. Va. 425, 129 S. E. 309, which involved the negligent performance of certain work in the construction of a new earthern dam by an independent contractor employed by the defendant to do the work contracted for according to plans and specifications, this Court held in Point 2 of the syllabus that "The defense of independent contractor has no application, where a resulting injury, instead of being collateral and flowing from the negligent act of the employee alone, is one that might have been anticipated as a direct or probable consequence of the performance of the work contracted for, if reasonable care is omitted in the course of its performance. In such case the person causing the work to be done will be liable though the negligence is that of an employee of the independent contractor." The opinion in that case contains this statement: "One who causes work to be done is not liable ordinarily for injuries that result from carelessness in its performance by the employees of an independent contractor to whom he has let the work without reserving to himself any control over the execution of it. But this principle has no application where a resulting injury, instead of being collateral and flowing

from the negligent act of the employee alone, is one that might have been anticipated as a direct or probable consequence of the performance of the work contracted for, if reasonable care is omitted in the course of its performance. In such case the person causing the work to be done will be liable, though the negligence is that of an employee of the independent contractor."

In *Walton* v. *Cherokee Colliery Company,* 70 W. Va. 48, 73 S. E. 63, this Court held in point 1 of the syllabus that "Generally, if one let work, lawful within itself, to a contractor and retain no control over the manner of its performance, he is not liable on account of negligence of the contractor or his servants. But if the work is intrinsically dangerous, or is of such character that injury to third persons, or to their property, might reasonably be expected to result directly from its performance, if reasonable care should be omitted, the employer is not relieved from liability by delegating the performance of the work to an independent contractor." The opinion also quotes with approval this language of the Supreme Court of Ohio in the well considered case of *Ohio Southern Railroad Company* v. *Morey,* 47 Ohio St. 207, 24 N. E. 269, 7 L. R. A. 701: "One who causes work to be done is not liable, ordinarily, for injuries that result from carelessness in its performance by the employees of an independent contractor to whom he has let the work, without reserving to himself any control over the execution of it. But this principle has no application where a resulting injury, instead of being collateral and flowing from the negligent act of the employee alone, is one that might have been anticipated as a direct or probable consequence of the performance of the work contracted for, if reasonable care is omitted in the course of its performance. In such case the person causing the work to be done will be liable, though the negligence is that of an employe of an independent contractor." In *Davis* v. *Summerfield,* 133 N. C. 325, 45 S. E. 654, 63 L. R. A. 492, the Court held that where an excavation by a lot owner extends below the foundation

of a wall of an adjoining landowner, injury to which may reasonably be anticipated as a result of the excavation, the failure of the lot owner to take proper precautions to avoid such injury renders him liable even though such injury is caused by the negligence of an independent contractor. See also *Bowers* v. *Town of Martinsville,* 156 Va. 497, 159 S. E. 196.

The employer of an independent contractor is liable if the resulting injury to a structure on the land of an adjoining owner is such as might have been anticipated as the probable consequence of the negligent performance by the independent contractor of the work directed to be done. *Bonaparte* v. *Wiseman,* 89 Md. 12, 42 A. 918, 44 L. R. A. 482; *Samuel* v. *Novak,* 99 Md. 558, 58 A. 19. Though an employer is not liable for the injury caused by the negligence of an independent contractor or his servants which is collateral to and not reasonably to be expected from the work contracted for, such employer is liable for the negligence of the independent contractor where, from the nature of the work, danger of such injury is readily foreseeable. *Wright* v. *Tudor City Twelfth Unit,* 276 N. Y. 303, 12 N. E. 2d 307, 115 A. L. R. 962; *Bergen* v. *Morton Amusement Company,* 178 App. Div. 400, 165 N. Y. S. 348, affirmed in 226 N. Y. 665, 123 N. E. 855. An employer can not escape liability for injuries caused by the failure of an independent contractor to exercise due care in the performance of work which is inherently or intrinsically dangerous. *Trump* v. *Bluefield Water Works and Improvement Company,* 99 W. Va. 425, 129 S. E. 309; *Walton* v. *Cherokee Colliery Company,* 70 W. Va. 48, 73 S. E. 63; *Wilson* v. *City of Wheeling,* 19 W. Va. 323, 42 Am. Rep. 780; *Ohio Southern Railroad Company* v. *Morey,* 27 Ohio St. 207, 24 N. E. 269, 7 L. R. A. 701; 27 Am. Jur., Independent Contractors, Section 39; 57 C. J. S., Master and Servant, Section 590. In discussing the liability of the employer for the negligent performance by an independent contractor of the work contracted for when such work is inherently or intrinsically dangerous in character, the Supreme Judicial Court of Massachusetts, in *McConnon* v. *Charles H. Hodgate Company,* 282 Mass.

584, 185 N. E. 483, uses this language: "The liability does not rest on the principle of respondeat superior, which holds an employer for the negligence of his servants; it rests upon a principle of the law of torts that one for whose benefit an act is done relative to and upon real estate must see to it that harm does not occur in the progress of the doing, if necessarily from the nature and circumstances of the work harm will occur unless guarded against. This duty is not performed merely by using care in the selection of a capable and trustworthy person to do the thing desired, ordinarily all the care that reasonable prudence calls for. The necessarily dangerous character of the work requires a higher standard of care; and this the law seeks to secure by making each person concerned in the work responsible if, through any lack of reasonable care on his own part in guarding against the known dangers of the undertaking, injury results from the negligence of those to whom he entrusts its performance. The law refuses, in such a case, to say that, under all circumstances, the employer, whatever his relation to the work, is free from liability if he has done no more than secure an experienced, reliable and cautious person to do what that employer has undertaken. The employer is not an insurer. His liability is for negligence."

As already pointed out, the allegations of the first count of the amended declaration are to the effect that the defendants Robert W. W. Phillips and Marian E. Phillips caused plans and specifications to be made for the new building which provided for a basement and foundation wall and excavation for them to a depth of two to four feet below the foundation of the church; that the north wall and foundation of the new building were to be constructed in close proximity to the south wall and foundation of the church; that they entered into a contract with the defendant Seabright Construction Company for the construction of the new building and the making of the excavation for such building; that they knew, or by the exercise of reasonable care could have known, that the

soil and the subsoil in and underlying both adjoining parcels of land consisted of sand and gravel; and that the church would be endangered by the excavation provided for in the plans and specifications and in the contract unless proper precautions were taken to protect the land and the church owned by the plaintiffs and to prevent damage to them and interference with their support which would result from slipping, sliding and flowing of the soil and the subsoil adjoining, underlying and supporting the foundations of the church. In short, under the foregoing allegations, the work which the defendants Robert W. W. Phillips and Marian E. Phillips employed the defendant Seabright Construction Company to do would directly result in injury to the land and the church of the plaintiffs unless proper precautions were taken by the defendant Seabright Construction Company to protect them in making the excavation in the ordinary manner, and the injury to the land and the church of the plaintiffs was the direct result of the negligent performance by the defendant Seabright Construction Company of the work which the defendants Robert W. W. Phillips and Marian E. Phillips employed it to do. The negligence of the defendant Seabright Construction Company was not merely collateral to the contract but related to the specific acts which the defendants Robert W. W. Phillips and Marian E. Phillips employed it to perform. In consequence they are liable for the negligent acts of the defendant Seabright Construction Company to the same extent as if they themselves had performed them. The first count of the declaration sufficiently states a cause of action against the defendants Robert W. W. Phillips and Marian E. Phillips, and the trial court should have overruled their demurrer to that count of the declaration.

As previously indicated, the second count of the amended declaration is based upon the alleged violation by the defendants of the provisions of Part 1, Section 507, of the ordinance adopted by the Council of the City of Wheeling in June, 1946, and by its demurrer the defendant, Sea-

bright Construction Company, challenges the validity of the ordinance. The law is well settled in this jurisdiction that a municipal corporation possesses and can exercise only such powers as are granted in express words, such as are necessarily or fairly implied from or are incidental to the powers expressly granted, and such as are essential and indispensable, not merely convenient, to the accomplishment of the declared objects and purposes of the municipality. *Hyre* v. *Brown,* 102 W. Va. 505, 135 S. E. 656, 49 A. L. R. 1230; *County Court of Mineral County* v. *Town of Piedmont,* 72 W. Va. 296, 78 S. E. 63; *Fellows* v. *City of Charleston,* 62 W. Va. 665, 59 S. E. 623, 125 Am. St. Rep. 990, 13 L. R. A. (N. S.) 737; *State ex rel. Morley* v. *Godfrey,* 54 W. Va. 54, 46 S. E. 185; *Parkersburg Gas Company* v. *City of Parkersburg,* 30 W. Va. 435, 4 S. E. 650; *City of Charleston* v. *Reed,* 27 W. Va. 681, 55 Am. Rep. 336; *Christie* v. *Malden,* 23 W. Va. 667. A municipal corporation possesses no inherent police power and has only such regulatory power as has been expressly or impliedly conferred by the Constitution or delegated to it by the Legislature. *Alderson* v. *City of Huntington,* 132 W. Va. 421, 52 S. E. 2d 243; *Shulick-Taylor Company* v. *City of Wheeling,* 130 W. Va. 224, 43 S. E. 2d 54; *Dotson* v. *Town of Gilbert,* 129 W. Va. 130, 39 S. E. 2d 108; *State ex rel. Crouse* v. *Holdren,* 128 W. Va. 365, 36 S. E. 2d 481; *Brackman's, Inc.* v. *City of Huntington,* 126 W. Va. 21, 27 S. E. 2d 71; *State ex rel. Kelley* v. *City of Grafton,* 87 W. Va. 191, 104 S. E. 487; *Bissett* v. *Town of Littleton,* 87 W. Va. 127, 104 S. E. 289, 20 A. L. R. 1478; *State ex rel. Hatfield* v. *Porter,* 84 W. Va. 399, 99 S. E. 508; *City of Benwood* v. *Public Service Commission,* 75 W. Va. 127, 83 S. E. 295, L. R. A. 1915C, 261; *Bluefield Water Works and Improvement Company* v. *City of Bluefield,* 69 W. Va. 1, 70 S. E. 772; *State ex rel. Morley* v. *Godfrey,* 54 W. Va. 54, 46 S. E. 185; *Judy* v. *Lashley,* 50 W. Va. 628, 41 S. E. 197, 57 L. R. A. 413; *City of Lynchburg* v. *Peters,* 145 Va. 1, 133 S. E. 674; *Roper* v. *McWhorter,* 77 Va. 214; *Kirkham* v. *Russell,* 76 Va. 956; 37 Am. Jur., Municipal Corporations, Section 277. A statutory grant of power to a municipal

corporation will be strictly construed, *City of Elkins* v. *Stickley*, 114 W. Va. 103, 170 S. E. 902; *Bissett* v. *Town of Littleton*, 87 W. Va. 127, 104 S. E. 289, 20 A. L. R., 1478; *State ex rel. Hatfield* v. *Porter*, 84 W. Va. 399, 99 S. E. 508; *City of Fairmont* v. *Bishop*, 68 W. Va. 308, 69 S. E. 802; *State ex rel. Morley* v. *Godfrey*, 54 W. Va. 54, 46 S. E. 185; *Dancer* v. *Town of Mannington*, 50 W. Va. 322, 40 S. E. 475; *Roper* v. *McWhorter*, 77 Va. 214; *Kirkham* v. *Russell*, 76 Va. 956; *Douglas* v. *City Council of Greenville*, 92 S. C. 374, 75 S. E. 687, 49 L. R. A. (N. S.) 958; *City of Chicago* v. *Blair*, 149 Ill. 310, 36 N. E. 829, 24 L. R. A. 412; 37 Am. Jur., Municipal Corporations, Section 113; 28 Cyc. 711; and when there is any fair, substantial, or reasonable doubt whether a particular power is possessed by a municipal corporation the existence of the power in question must be denied. *Hyre* v. *Brown*, 102 W. Va. 505, 135 S. E. 656, 49 A. L. R. 1230; *State ex rel. Morley* v. *Godfrey*, 54 W. Va. 54, 46 S. E. 185; *Parkersburg Gas Company* v. *City of Parkersburg*, 30 W. Va. 435, 4 S. E. 650; *Malone* v. *Quincy*, 66 Fla. 52, 62 So. 922, Ann. Cas. 1916D, 208; *City of Chicago* v. *Blair*, 149 Ill. 310, 36 N. E. 829, 24 L. R. A. 412; 37 Am. Jur., Municipal Corporations, Section 113.

The City of Wheeling does not operate under Article VI, Section 39a, of the Constitution of this State, commonly known as the Home Rule Amendment, *State ex rel. Tucker* v. *City of Wheeling*, 128 W. Va. 47, 35 S. E. 2d 681, and its special charter, Chapter 141, Acts of the Legislature, 1935, Regular Session, does not contain any provision which expressly or by necessary implication authorizes or empowers the council to enact the portions of the ordinance adopted in June, 1946, which provide that no excavation shall extend within one foot of the natural slope of the soil under any footing or foundation of a building unless such footing or foundation is properly underpinned or protected against possible settlement, and that any person causing an excavation to be made shall protect the excavation so that the adjoining soil shall be supported.

Section 2, Part 1, of the Charter of the City of Wheeling, Chapter 141, Acts of the Legislature, 1935, Regular Session, cited and relied on by the plaintiffs to sustain the ordinance, adopted in June, 1946, which section ostensibly confers upon that city "all powers of local self-government and home rule that are now, or hereafter may be, granted to municipalities under the constitution and laws of the state, as well as all other powers possible for a municipality to have", was considered in *State ex rel. Tucker* v. *City of Wheeling,* 128 W. Va. 47, 35 S. E. 2d 681, and declared to be insufficient to confer any definite or specific governmental power upon that municipal corporation. In that case, in discussing that section of the charter, this Court said: "Section 2 of Part 1 of the charter quoted purports to be a rather remarkable grant of power. To give to such provision any weight whatever would be to establish a dangerous precedent. * * * Statutes should be enacted to cover specific and current intents and purposes, and so defined that the public may know what laws to obey, and what practices to avoid. We are therefore of the opinion that Section 2 of Part 1 of the special charter of the City of Wheeling, cannot be relied upon as conferring upon the municipal government of that city any powers not specifically, or by necessary implication, granted by the enactment of which it is a part." The expressions just quoted completely refute any contention that the City of Wheeling, by that section of its charter, derives any authority to enact the ordinance in question or any of its provisions.

It is also clear that the power to enact Part 1, Section 507, of the ordinance of June, 1946, is not essential or indispensable to the accomplishment of the declared objects and purposes of the municipality. In *City of Charleston* v. *Reed,* 27 W. Va. 681, and in *Harris* v. *Poulton,* 99 W. Va. 20, 127 S. E. 647, 40 A. L. R. 334, this Court spoke of inherent power in a municipal corporation to deal with the subject of fire protection for its people, but the holding on that point in the *Harris* case is explained in the later case of *Phillips* v. *The City of Morgantown,* 124 W.

Va. 170, 19 S. E. 2d 603, on the theory that the power was implied from various provisions of the charter of the municipality in effect when the *Harris* case was decided in 1925. The clear distinction between the power of a municipality to furnish fire protection and the power to impose restrictions upon excavations incident to the construction of buildings renders the statements in the two above cited cases with reference to any inherent power of a municipal corporation to afford fire protection to its inhabitants inapplicable to the provisions of the ordinance here involved.

As the provisions of Part 1, Section 507, of the ordinance adopted by the Council of the City of Wheeling in June, 1946, are not within the scope of the powers possessed by that municipality, those provisions are invalid and of no legal force or effect. For that reason the second count of the amended declaration, being based upon the erroneous assumption that such provisions are valid, fails to state a cause of action against any of the defendants and is legally insufficient on demurrer.

Under the principles discussed and enunciated in this opinion the first certified question is answered in the affirmative, the second certified question is answered by the statement that the provisions of Part 1, Section 507, of the ordinance of June, 1946, are invalid and of no legal force or effect; and the third and fourth certified questions are answered by the additional statement that the first count of the amended declaration states a cause of action against all the defendants and that the second count of the amended declaration does not state a cause of action against any of them.

The action of the circuit court in overruling the demurrer of the defendant, Seabright Construction Company, to the first count of the amended declaration, and in sustaining its demurrer and the demurrer of the defendants, Robert W. W. Phillips and Marian E. Phillips, to the second count, is affirmed, but the action of the circuit court in sustaining the demurrer of the defend-

ants, Robert W. W. Phillips and Marian E. Phillips, to the first count is reversed.

*Rulings affirmed in part and reversed in part.*