STATE *ex rel.* VICTOR W. SHELDON, *et. al.*

*v.*

CITY OF WHEELING, *et. al.*

(No. 12113)

Submitted September 6, 1961. Decided November 7, 1961.

*Thomas B. Miller, Schmidt, Laas & Schrader,* for relators.

*Jeremy C. McCamic,* Assistant City Solicitor, for respondents.

GIVEN, JUDGE:

In this original proceeding in mandamus the State, at the relation of Victor W. Sheldon, Lawrence C. Mc-Whorter and Frederick G. Andreas, plaintiffs, pray that a peremptory writ issue requiring the City of Wheeling, B. J. Killeen, Licensing Officer of the City of Wheeling, John Bremer, A. J. Sonnefeld and William McGannon, members of the Board of Examiners of Plumbers of the City of Wheeling, defendants, to grant the plaintiffs a license to engage in the trade or occupation of plumbing in that city. An answer was filed by defendants denying allegations of the petition which, in effect, alleged that the pertinent ordinance of the city purported to constitute authority

for the licensing of plumbers was void, and that the action of the defendants in refusing such license, and the manner of holding an examination for plumbers' licenses, constituted arbitrary and capricious action on the part of defendants. Depositions taken by the parties were before the Court, briefs were filed, and oral arguments presented.

The city ordinance in question was enacted in 1946, and the pertinent provision thereof reads: *"License required.* It shall be unlawful for any person to engage in or work at the plumbing trade or occupation, or to install or repair any plumbing system or plumbing fixtures within the City of Wheeling without first obtaining from the licensing officer of said City a Master or journeyman plumber's license."

Procedure is set up by the ordinance for the holding of examinations and licensing of plumbers, and the ordinance declares it to constitute a criminal offense for any person to violate the ordinance by doing plumbing within the city without a license, and penalties of fines and imprisonment are provided for such violations, and apparently petitioners were threatened or had reason to believe threats were made to have them criminally prosecuted if they undertook to engage in plumbing work in the city.

The plaintiffs were given examinations, pursuant to the procedure provided by the ordinance, and failed to pass the examination, but claim that the requiring of an examination, and the manner of conducting the examination by the defendants, constituted arbitrary and capricious action on the part of the defendants. The facts contended to constitute arbitrary and capricious action relate primarily, at least, to the practice of defendants in granting without examination such licenses to individuals who complete certain schooling at a school supported and operated by a so-called "Joint Apprenticeship Committee", composed of three members of the local plumbers union and three members of the local master plumbers association, while requiring others to subject themselves to examinations.

Plaintiffs also contend that though the city is found to have been granted power to enact such a licensing ordinance, the ordinance here involved is invalid for the reason that no sufficient standards are provided as to the manner of its application or enforcement.

It appears not to be seriously contended that the charter of the city contains no express or implied authority for the enactment of the ordinance provision here involved. Apparently the charter, Chapter 141 of the 1935 Acts of the Legislature, Section 2 thereof, was relied on for the granting of such power, but that section has been declared ineffective as a grant of such power. *State ex rel. Tucker v. City of Wheeling,* 128 W. Va. 47, 35 S. E. 2d 681; *Law v. Phillips,* 136 W. Va. 761, 780, 68 S. E. 2d 452, 463. Actual reliance for such power of the municipality apparently rests on certain provisions relating to general powers granted municipalities found in Code, 8-4-10, as amended, such as the power ''to prevent injury or annoyance to the public or individuals from anything dangerous, offensive or unwholesome'', or the power ''to protect the persons and property of the inhabitants''. The controlling question, however, relates to the contention that, though the regulation of the occupation or business of plumbing be considered as a health problem, and within the police power, no legislative grant to the City of Wheeling has been made by the State Legislature, express or implied, which authorizes the city to enact an ordinance requiring a license to engage in the occupation or business of plumbing.

In *Hyre, Admr. v. Brown, et al.,* 102 W. Va. 505, 135 S. E. 656, 49 A.L.R. 1230, we held: ''2. A municipal corporation possesses and can exercise only the following powers: (1) those granted in express words; (2) those necessarily or fairly implied in or incident to the powers expressly granted; (3) those essential to the accomplishment of the declared objects and purposes of the corporation — not simply convenient — but *indispensable.* 3. Where a fair, substantial, reasonable doubt exists as to whether such corporation is

possessed of a power, the power must be denied." See *City of Huntington v. State Water Commission,* 137 W. Va. 786, 73 S. E. 2d 833; *Law v. Phillips,* 136 W. Va. 761, 68 S. E. 2d 452, 33 A.L.R. 2d 95; *Tsutras Automatic Phonograph Co. v. City of Williamson,* 132 W. Va. 22, 51 S. E. 2d 427; *Shulick-Taylor Co. v. City of Wheeling,* 130 W. Va. 224, 43 S. E. 2d 54; *State ex rel. Tucker v. City of Wheeling,* 128 W. Va. 47, 35 S. E. 2d 681; *Hayes v. Town of Cedar Grove,* 126 W. Va. 828, 30 S. E. 2d 726, 156 A. L. R. 702; *Brackman's, Inc. v. City of Huntington,* 126 W. Va. 21, 27 S. E. 2d 71; *Bissett v. Town of Littleton,* 87 W. Va. 127, 104 S. E. 289, 20 A.L.R. 1478, Annotation, 22 A.L.R. 2d 816.

As above pointed out, nothing in the charter or the pertinent statutory provision relied on even mentions the right of the city to require such a license. Even if it be assumed that the statutory provisions mentioned, and they probably do, vest in the city power to regulate the occupation or business of plumbing, there is nothing contained in such provisions that can be said to authorize or empower the city to require such licenses, for such power to regulate may be exercised though no license is required or granted. The power to license is not "indispensable" to the power of the municipality to regulate the plumbing occupation or business. It is not for the courts to say the manner or better procedure to effectively regulate plumbing within the city.

Code, 8-4-13, provides: "Whenever anything, for which a state license is required, is to be done within such town the council may, unless prohibited by law, require a municipal license therefor, and may impose a tax thereon for the use of the town." Code, 11-12-19, as amended by Chapter 160 of the 1957 Acts of the Legislature, reads: "When any municipality is authorized by its charter or by any law of this State to impose a penalty for engaging in or prosecuting any business, activity, trade or employment within the limits of such municipality without first having obtained a license therefor pursuant to the ordinances of such town, no state license issued under this article shall

exonerate the licensee from any such penalty, unless otherwise expressly provided, whether such penalty be greater or less than that imposed for the violation of the provisions of this article."

The language and tenor of these statutory provisions, we think, make it clear that a municipality has no power to enact an ordinance requiring a license to engage in the occupation or business of plumbing within a city, unless authority therefor is expressly or clearly implied by a legislative grant. Since we find no such grant of power to the City of Wheeling, the ordinance of that city, mentioned above, insofar as it undertakes to require a license of the petitioners to engage in the trade, work, occupation or business of plumbing, is declared invalid.

The question of the right of petitioners to proceed in mandamus is argued, but that question appears to have been so clearly settled that we do not deem a full discussion thereof necessary. See *State ex rel. Ammerman v. City of Philippi*, 136 W. Va. 120, 65 S. E. 2d 713; *State ex rel. Tucker v. City of Wheeling, supra;* 55 C. J. S., Mandamus, Sections 62, 64.

The expressed conclusions as to the controlling question make it unnecessary, perhaps improper, to discuss the other questions briefed. Since there exists no valid authority for the issuance of the licenses prayed for, the rule heretofore issued is discharged, and the writ prayed for must be denied.

*Writ denied.*