Julia M. MORRIS and Leonard Morris,
Plaintiffs,

v.

The **BALTIMORE AND OHIO RAIL-
ROAD COMPANY,** a Maryland corpo-
ration, and Foote Mineral Company, a
Pennsylvania corporation, Defendants.

Civ. A. No. 2888.

United States District Court,
S. D. West Virginia,
Huntington Division.

Oct. 16, 1972.

---

Don C. Kingery, Dean & Kingery, Point Pleasant, W. Va., Donald R. Wilson, Preiser & Wilson, Charleston, W. Va., for plaintiffs.

William C. Beatty and Fred Adkins, Huddleston, Bolen, Beatty, Porter & Copen, Huntington, W. Va., for defendant, The Baltimore and Ohio Railroad Co.

C. F. Bagley and R. G. McNeer, Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Huntington, W. Va., for defendant, Foote Mineral Co.

CHRISTIE, Chief Judge:

In this diversity action, involving a railroad crossing collision, the defendant, Foote Mineral Company, moves the Court to enter summary judgment in its favor, pursuant to the provisions of Rule 56 of the Federal Rules of Civil Procedure, asserting that there are no genuine issues of any material fact concerning its liability and that, based upon such undisputed facts, it is entitled to judgment as a matter of law.

## STATEMENT OF THE CASE

The facts of this case, as established by the pleadings, depositions, and interrogatories, may be stated as follows:

On May 6, 1970, at about 7:30 P.M., the plaintiff, Julia Morris, was proceed-ing on U.S. Route No. 33 in Mason County, West ·Virginia, near a point where a spur line off the main line of The Baltimore and Ohio Railroad Company (B & O) crosses Route 33. This spur line is owned by Foote Mineral Company (Foote Mineral) and the crossing over Route 33 was maintained by Foote Mineral pursuant to a right-of-way originally granted by the West Virginia State Road Commission to Vanadium Corporation of America and subsequently acquired by Foote Mineral.

While crossing over this spur track, the Morris automobile collided with a B & O engine which was then moving railroad cars out of the yard of Foote Mineral to the main line of B & O. The crossing was marked on each side by a crossbuck warning device and a circular warning sign. Mrs. Morris had traveled this road numerous times and was aware of the crossing. On all previous occasions when Mrs. Morris had seen trains crossing the road, flares had been placed on each side of the crossing to warn motorists. She had never seen a flagman at the crossing. At the time her automobile collided with the B & O engine there were no flares placed on the highway, nor did Mrs. Morris hear any signal from the B & O engine indicating that it intended to cross the highway.

## DUTY OF FOOTE MINERAL COMPANY WITH RESPECT TO CONDITION OF RAILROAD CROSSING

■■ After reviewing the evidence, it is clear to this court that, with respect to the condition of the railroad crossing, Foote Mineral was not guilty of any negligent act of commission or omission proximately resulting in the injury complained of by plaintiffs. In their complaint, plaintiffs allege that the defendants "negligently and carelessly failed to provide a flagman or other warning devices sufficient to warn the plaintiff, Julia M. Morris, that a locomotive was about to enter upon said highway . . .." The evidence establish-

es without contradiction, however, that Foote Mineral did have warning signs on both sides of the railroad crossing and that such signs were in conformity with the requirements of the applicable West Virginia statute. See W.Va.Code 31–2–9. As for the assertion that the absence of a flagman or other additional warning device constituted negligence, it is well settled that no general duty exists requiring the maintenance of flagmen or other signaling devices *in addition to* warning signs at railroad crossings, at least in the absence of conditions making the crossing unusually dangerous. In the present case, a single track crossed U.S. Route 33 and, by plaintiffs' admissions, an approaching car had a "good view of the crossing." Consequently, Foote Mineral had no duty to maintain flagmen or other signaling devices at the crossing and the failure to maintain flagmen or other signaling devices was not negligence. As stated by the Court in Freeman v. Monongahela Valley Traction Company, 98 W.Va. 311, 315, 128 S.E. 129, 131 (1924):

> "Counsel for the plaintiff do not cite us authority, and from our own investigation we are unable to find where there is either a statutory or common-law duty imposed upon an electric railway to provide and maintain gates, a flagman, watchman, gong or electric bell, at points where the tracks of the railway intersect and cross a public highway. There being no such duty imposed upon the company to provide them, or either of them, it is manifest the failure of the company to provide them would not be negligence." See also 24 A.L.R.2d 1161.

▉▉ Plaintiffs' counsel asserted in argument before the Court that Foote Mineral utilized this crossing on occasion to move its cars across the highway and on those occasions maintained flagmen to halt traffic. Of course, under some circumstances a user of the highway might rely, with justification, upon the presence of such flagmen as indicating the crossing of a train, and the failure to provide flagmen could then constitute negligence. See Restatement of the Law, Torts 2d, Section 323, and cases cited in Appendix. However, Mrs. Morris states that although she had observed fusees on the highway on previous occasions when a train was crossing this highway, she had never seen a flagman on the crossing. The evidence establishes that Foote Mineral, though it did not utilize flagmen, had never used fusees and that if fusees were used, they were used by B & O. Under these circumstances, Foote Mineral had neither a duty to provide flagmen or other signaling devices nor had it negligently performed, or negligently failed to perform, a duty which it had gratuitously undertaken.

## RESPONSIBILITY OF FOOTE MINERAL FOR NEGLIGENCE OF B & O

▉▉ Although it is clear that Foote Mineral was not negligent in its maintenance of the railroad crossing, and it is equally clear that B & O had the entire responsibility for moving the railroad cars from the yard of Foote Mineral across the railroad crossing, the question remains whether Foote Mineral may be responsible for B & O's negligence. In view of the fact that B & O exercised sole and complete supervision and control over the movement of the cars, under the usual principles applied to the employer of such an independent contractor, Foote Mineral would be relieved of any responsibility for the negligence of B & O. Stevens v. Frump, 132 W.Va. 366, 52 S.E.2d 181 (1949). One of the exceptions to this general rule, however, is that "an employer who orders work to be performed, from which, in the natural course of things, injurious consequences must be expected to arise unless means are adopted by which such consequences may be prevented, is bound to see that necessary precautions are taken to prevent injury, and such person cannot, by employing some other person, relieve himself of his

liability to do what is necessary to prevent the work from becoming wrongful." Law v. Phillips, 136 W.Va. 761, 68 S.E. 2d 452, 459 (1952). Where the injury is one "that might have been anticipated as a direct or probable consequence of the performance of the work contracted for, if reasonable care is omitted in the course of its performance" the employer is not entitled to rely upon the defense of independent contractor. Trump v. Bluefield Waterworks & Improvement Co., 99 W.Va. 425, 129 S.E. 309, 311 (1925). See also Restatement of the Law, Torts 2d, Section 318. It is recognized in all the cases which we have examined that a railroad crossing presents a hazardous or dangerous situation. As stated by the Court in Helvey v. Princeton Power Company, 84 W.Va. 16, 22, 99 S.E. 180 (1919), railroad tracks, at crossings with highways, "bespeak and warn of danger." Numerous other citations of similar import could be given, however, it is sufficient to note that railroad crossings have universally been recognized as presenting dangerous or hazardous conditions.

## CONCLUSION

■■ Accordingly, it is the opinion of the Court that, under the circumstances of this case, involving the movement of Foote Mineral railroad cars over a right-of-way and crossing owned and maintained by Foote Mineral, the fact that the B & O was an independent contractor does not provide Foote Mineral with a defense to plaintiffs' claim that B & O was negligent in the manner in which it crossed Route 33 on the occasion of the accident in question in this action. The question of whether or not B & O was negligent in the manner in which it crossed Route 33 is not now before the Court, however, at least at this stage in the proceedings, a dispute of fact exists with respect to that question. That Foote Mineral, though not primarily liable, may be vicariously liable should negligence of B & O be established, necessitates a denial of Foote Mineral's motion for summary judgment.