546 P.2d 72

**FIREMAN'S FUND AMERICAN INSUR-
ANCE COMPANIES, a Foreign Corpora-
tion, Plaintiff-Appellee, Cross-Appellant,**

v.

**PHILLIPS, CARTER, REISTER AND AS-
SOCIATES, INC., a Foreign Corporation,
Defendant-Appellant, Cross Appellee.**

**No. 2077.**

Court of Appeals of New Mexico.

Jan. 13, 1976.

Rehearing Denied Jan. 21, 1976.

Certiorari Denied Feb. 18, 1976.

**8**

Charles C. Spann, P. A., Albuquerque, for appellant.

William H. Oldaker, Oldaker & Oldaker, Michael P. Watkins, Oldaker & Oldaker, Albuquerque, for appellee.

## OPINION

LOPEZ, Judge.

This case involves the question of duties arising out of the construction of a building for Mountain States Telephone and Telegraph Company (telephone company). The telephone company employed George Rutherford, Inc. (Rutherford) to construct an addition to the telephone company's existing building, and an architect, Louis G. Hesselden, to prepare plans and specifications for this building. Phillips, Carter, Reister and Associates, Inc. (Phillips) was employed by Hesselden to prepare the plans and specifications for the excavation sheet piling and compaction of the foundation.

In the course of the excavations, damage was caused to surrounding buildings and roads. Rutherford repaired some of the damage and paid for other repairs. Rutherford was then partially reimbursed by its insurer, Fireman's Fund American Insurance Companies (the insurance company).

The present suit arises out of the insurance company's attempt to collect from Phillips the amount which the insurance company paid Rutherford.

The trial court held that Phillips' negligence in preparing the plans and specifications had caused the damages. The trial court found that Hesselden had not been negligent. Phillips was ordered to pay the insurance company $15,597.97, which the court found to be the amount of damages proved by Rutherford. The court found that the contract between the telephone company and Rutherford obligated Rutherford to make the repairs, and that the insurance contract between Rutherford and the insurance company obligated the insurance company to repay Rutherford. The court concluded that subrogation was therefore proper, and the insurance company could proceed against Phillips.

Phillips appealed and the insurance company cross-appealed. The issue of subrogation is dispositive and we limit our discussion to that issue. We first discuss the question of whether Rutherford was obligated to repair the damage done to the adjoining landowners.

The trial court relied on the contract between the telephone company and Rutherford as the source of Rutherford's obligation. We do not agree that the contract required Rutherford to repair the damage. The contract provides that Rutherford was to indemnify the owner (the telephone company) for damages arising out of performance of the work when loss was caused by the negligence of the contractor or anyone for whom he is responsible. The contract contains a specific exemption to this indemnification requirement when the architect is liable because of the preparation of designs and specifications. This exemption is consistent with *Staley v. New*, 56 N.M. 756, 250 P.2d 893 (1952), in which the court held that a contractor cannot be liable to the owner where the contractor has followed the plans and specifications given them by the owner's agent.

The trial court found that Phillips was negligent and that this negligence caused the damage. Therefore, by the terms of the contract Rutherford did not have to indemnify the telephone company for damages caused by this negligence.

The rights of the various parties to the contract with respect to the owner are not necessarily conclusive of the rights of adjoining landowners with respect to the contractor. Thus, the insurance company could conceivably have proved that the adjoining landowners would have had a claim against Rutherford, either under a theory of negligence or absolute liability. *Law v. Phillips*, 136 W.Va. 761, 68 S.E.2d 452, 33 A.L.R.2d 95 (1952); 6A American Law of Property § 28.50 at 141 (A. J. Casner ed. 1952); *Green v. Berge*, 105 Cal. 52, 38 P. 539 (1894). Rutherford and his insurer have, of course, maintained that he was *not* negligent in the performance of his duties and thus did not attempt to show that the adjoining landowners would have had a claim against him on that basis. Further, the insurance company did not attempt to argue that Rutherford would have been strictly liable for the damages caused neighboring landowners. Thus no basis has been presented us from which we can conclude that Rutherford was under an obligation to repair the damage to adjoining owners.

Subrogation is generally not allowed where one officiously pays a debt of another. Restatement of Restitution § 2, § 192 (1937). The rule was stated in *Old Colony Insurance Co. v. Kansas Public Service Co.*, 154 Kan. 643, 121 P.2d 193 (1942): "Payment for which subrogation is claimed must have been made under compulsion, or for the protection of some interest of the party making it and in discharge of an existing liability." (Citations omitted). New Mexico has allowed subrogation where one secondarily liable pays a debt and then proceeds against one primarily liable, stating that it is allowed in such a case because the one secondarily liable had a "legal interest to protect." *State Farm Mut. Auto. Ins. Co. v. Foundation R. Ins. Co.*, 78 N.M. 359, 431 P.2d 737 (1967). In the present case the insurance company has failed to demonstrate that Rutherford had any obligation to repair the damage, and Rutherford is therefore unable to subrogate the rights of the adjoining landowners.

The other issue which was raised relating to subrogation was the duty of the insurance company to reimburse Rutherford for the amount which he spent in repairing damages. However, it is not necessary for us to reach the issue of the insurance company's right to be subrogated to Rutherford's claim, because we have concluded that Rutherford had no claim. Subrogation is a device by which one party is substituted for another. Therefore, all defenses available against Rutherford are available against the insurance company, when the insurance company attempts to subrogate Rutherford's claim. 16 Couch on Insurance 2d § 61:220 (1966); *Aetna Insurance Co. v. Loveland Gas & Electric Co.*, 369 F.2d 648 (6th Cir. 1966); *Liberty Mutual Insurance Company v. Fales*, 8 Cal.3d 712, 106 Cal.Rptr. 21, 505 P.2d 213 (1973).

Because of the decision which we have reached, the other points raised by the appellant and appellee need not be discussed. The insurance company's cross-appeal is denied.

The cause is reversed and remanded to the trial court with instructions to dismiss the insurance company's complaint.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.