JONES, JUDGE:
This is a subrogation claim for damages to the automobile of the petitioner’s insured, Atlee Thaxton, and the amount of damages is stipulated to be $112.24.
On or about August 11, 1969, the Thaxton vehicle was lawfully parked on property of the respondent at its North Charleston garage. The substance of the petitioner’s case is alleged in the petition as follows: “Department of Highways employees, while transferring tar from a tank to a tar spreader did create a hazard, throwing fire from the tank, causing spreader to pull out suddenly, breaking the hose, tar was strown over the area and the Petitioner’s vehicle was covered by the tar.”
Facts developed at the hearing of this case disclose that the tar spreader was owned by Burdette Asphalt Paving Company; that the operator of the spreader and his helper- were employed by that company; that Burdette Asphalt was employed by the respondent to spread tar furnished by the respondent upon a portion of an unidentified State road, subject to inspection by an employee of the respondent; that the operator of the spreader, upon instructions of his employer, drove the spreader from the parking lot of Burdette Asphalt to the respondent’s North Charleston garage and was in the process of transferring tar from the respondent’s storage tank to the spreader when the mishap occurred; and that no other person was involved in any act resulting in damage to the claimant.
From our study of the petition and answer, and the testimony taken in this case, the Court has concluded that Burdette Asphalt *29 Paving Company was an independent contractor, and that the respondent may not be held accountable for the contractor’s negligent acts.
Accordingly, this claim is disallowed.