RULEY, JUDGE:
The claimant is the owner of a lot measuring 50’ x 210’ located at 2518 Kanawha Boulevard East in Charleston, West Virginia. A dwelling house is located on the front of the lot, and, toward the rear, which extends to Washington Street, there is a building *149 containing four garages on the first floor and two apartments on the second floor. A concrete apron extends from the garages to Washington Street. Claimant purchased that property in 1965. Directly across Washington Street from the apartments there was an abutment of the old Kanawha City Bridge. The respondent entered into a contract with National Engineering Company, an independent contractor, to rebuild the bridge. Incident to that work, a subcontractor, Martin Explosives, demolished the old bridge, including the mentioned abutment, by utilizing a crane and headache ball which sometimes, according to the undisputed evidence, was dropped a distance of fifty feet. It also is undisputed that both the dwelling house and garage apartments were shaken, a fact which requires little imagination, and that damage in the form of cracking was sustained by the concrete apron and the walls and ceilings of the apartments. Apparently the work began in 1975. When it ended is not clear from the record. Claimant seeks an award in the sum of $12,000.00.
It is general rule that the employer of an independent contractor is not liable for torts committed by the independent contractor. Safeco Insurance Company v. Department of Highways, 9 Ct.Cl. 28 (1971). But a well recognized exception to that general rule of nonliability exists in the case of inherently or intrinsically dangerous work. Trump v. Improvement Company, 99 W.Va. 425, 129 S.E. 309 (1925), Law v. Phillips, 136 W.Va. 761, 68 S.E.2d 452 (1952), Chenoweth v. Settle Engineers, Inc., 151 W.Va. 830, 156 S.E.2d 297 (1967), 41 Am. Jur.2d, Independent Contractors, §41. Whether work which produces vibrations sufficient to cause damage or injury is or is not so intrinsically dangerous as to render an employer liable for the tort of an independent contractor depends upon the circumstances. Under the circumstances of this case, where the work was performed in proximity to the apartment residences directly across the street, it appears that it was intrinsically dangerous, and hence, that the general rule of nonliability should not be applied. See 41 Am. Jur.2d, Independent Contractors, §41, 31 Am. Jur.2d, Explosions and Explosives, §43. See also Whitney v. Myers Corporation, 146 W.Va. 130, 118 S.E.2d 622, Syl. 3 (1961).
Although it virtually is impossible to reconcile the wide disparity in the evidence on the issue of damages, the estimates ranging from $2,350.00 (for replacement of the concrete apron only) to $13,300.00, the Court is of the opinion that $5,000.00 would be fair compensation for the damage sustained.
*150 Award of $5,000.00.