GARDEN, JUDGE:
During the year 1976, the respondent engaged Lang Brothers Construction Company to construct the South Clarksburg By-Pass, W. Va. Route 97. Incident to that project, the contractor conducted blasting operations. Claimant alleges that the blasting performed by the respondent’s contractor caused the brick walls adjacent to her driveway to collapse and the front steps to separate from her house necessitating repairs in the amount of $1,882.60.
Claimant’s witness Delores Terango testified that she observed damage claimed after the blasting.
*314 Ronald Smith, Jr., District Maintenance Engineer for respondent, testified that blasting operations were performed at approximately 500 feet from claimant’s property at the closest point. Blasting operations also were performed at distances of approximately 1500 feet from claimant’s property.
Glenn R. Sherman, a geologist with respondent’s Materials Control, Soils and Testing Division, testified that he had examined the blasting data and seismic records maintained by Vibra-tec, a consulting firm hired by contractors to analyze and recommend blasting limits. From his observations of claimant’s property, he concluded that the damage to claimant’s property was the result of movement in the soil rather than a result of the blasting operations. He contended that the drainage of water behind the walls adjacent to the driveway was the cause of the movement of the soil which occurred.
From the record in this claim it is undisputed that an independent contractor performed the blasting alleged to be the proximate cause of the damages to claimant’s property. The general rule is that an employer of an independent contractor is not liable for torts committed by an independent contractor. However, an exception to the general rule of non-liability is generally recognized in the case of inherently or intrinsically dangerous work. Moore v. Department of Highways, 13 Ct.Cl. 148 (1980). It is held that blasting operations are not so intrinscally dangerous as to render an employer liable for the negligent acts of an independent contractor where the blasting is done in a barren, rural section, or in a mountainous area far removed from human habitation. (Emphasis supplied.) See 31 Am. Jur. 2d Explosions and Explosives §43. Whether the work which produces the vibrations sufficient to cause damage or injury is or is not so intrinsically dangerous as to render an employer liable for the tort of an independent contractor depends upon the circumstances. The Court is of the opinion that the exception to the general rule of non-liability is not applicable to the facts of this claim. Accordingly, the Court hereby disallows the claim.
Claim disallowed.