RULEY, JUDGE:
The claimants own a parcel of property on Hubbard’s Branch *406 Road in Huntington, West Virginia. Hubbard’s Branch Creek runs through their property and access across it to their home was provided by a private road. On June 21, 1979, during a heavy rainstorm, the private road was washed out. The claimants allege that the cause of the washout was a clogged culvert on the Interstate 64 right-of-way, which caused the water to back up along Hubbard’s Branch Creek. The culvert became clogged by refuse which a contractor or subcontractor, working under a contract with respondent, had dumped near the culvert. Claimants seek an award of $31,000.00 to rebuild their private road.
Mrs. Conner testified that on several occasions prior to June 21, 1979, she had seen men dump truckloads of dirt, tree stumps and other debris near the culvert. Mr. Conner stated that he had followed a truck from a nearby construction area in Spring Valley which dumped debris near the culvert. The truck was described as a black truck with an unpainted homemade bed on it. Mr. Conner said that this dumping occurred, not in the spring of 1979, but in May through July of 1978. He did not state that he had seen respondent’s trucks dumping material near the culvert, although Mrs. Conner did. Carol Conner, daughter-in-law of the claimants, said the dumping occurred in the spring of 1979.
Respondent’s witness, Kevin Reichard, who was superintendent of the Spring Valley job, testified that the work on the project was performed by a general contractor, Barboursville Bridge Co., and a subcontractor, Allen Stone Co. He stated that the dumping on Hubbard’s Branch Creek was done by the contractor. Furthermore, the material that was dumped came from the contractor’s property, which was outside the respondent’s right-of-way. Mr. Reichard’s function was to oversee performance of the contract, which did not include the dumping. From the foregoing evidence, it is clear that the misconduct, if any, causing claimants’ injury, was committed by an independent contractor. Numerous decisions of the Court have held that the respondent may not be held liable for acts of an independent contractor. Safeco Ins. Co. v. Dept. of Highways, 9 Ct.Cl. 28 (1971). Therefore this claim is denied.
Claim disallowed.