PER CURIAM:
During the first week in June in 1986 a substance, appearing to be tar, was placed on Woodrums Lane, at the location of the claimants' home. The road has an elevation higher than that of claimant's yard, and the substance seeped into the yard. Damage was done to claimants' carpet, among other items. Claimants seek $1,802.42.
Claimant Margot D. Grose testified that their insurance company paid for the replacement of claimants' carpet at a cost of $1,300.00. They have a $200.00 deductible, which claimants paid. She stated that the substance was placed on Woodrums Lane one day and seeped to the surface on the next day. She stated that her home is 35 feet from the road. The tar-like substance seeped about one-half of that distance into her yard. Her two teen-aged grandchildren walked through the year and tracked the substance into her home. Damage was done to the carpeting, to the children's clothing, and to the mats in her automobile.
*54 Mr. Nelson Lee Fowler, Assistance to the District Maintenance Engineer, Kanawha County, for respondent, testified that he was familiar with this particular resurfacing project. The liquid asphalt that was used has been utilized for numerous years. Two days after the finished coat was placed upon the road, respondent attempted to remedy the situation. This was a contract project by West Virginia Paving Company, Inc. He received complaints concerning the work performed under the contract.
It is the general rule that the employer of an independent contractor is not liable for torts committed by the independent contractor. Safeco Insurance Company vs. Dept. of Highways, 9 Ct.Cl. 28 (1971). As the evidence revealed that the work was under contract to West Virginia Paving Company, Inc., the Court must deny the claim.
Claim disallowed.