PER CURIAM:
*71 Claimant's son, Gary R. Cooper, was operating claimant's 1978 Ford Fiesta automobile in a westerly direction on Route 60 in front of the East Hills Mall, on September 17, 1984, at approximately 9:00 p.m. when the automobile struck the concrete median at that location. The impact with the median resulted in the car being totalled. Gary R. Cooper originally filed the claim with both himself and his father, Jerry R. Cooper, as claimants. The claimant, Jerry R. Cooper, is the sole owner of the automobile; therefore, the Court, on its own motion, amended the style of the claim designating Jerry R. Cooper as claimant. Claimant seeks $1,176.00, which amount represents the replacement value of the automobile.
Gary R. Cooper testified that, at the time of the incident, it was dark, clear, and dry. He was accompanied by Mike Gwinn, a friend. He was proceeding at between 35 and 40 mph to Huntington. He stated that there is a left turn lane into the east Hills, Mall. The yellow line which is indicative of the left turn lane had not been removed when a new concrete median was erected. The former yellow markings followed into the median. Therefore, the left side of the automobile which Gary R. Cooper was operating struck the median. He described the concrete median as being an island. He indicated that the median is approximately six inches tall and two to three feet wide.
He further testified that he had driver this route three weeks to a month before this incident. At the time of this incident, there were no warning signs. He stated that his vehicle was 25 to 30 feet away from the median when he first noticed the division of the lane. The automobile veered away from the median, but failed to avoid it. He stated that he assumed that respondent erected the new median, although he has no independent knowledge of that fact.
Mr. Barry Warhoftig, a civil engineer with the Traffic Engineering Division of respondent, testified that the change in the traffic median was being constructed by the Red Roof Inn, or Crown American Corporation, under permit with respondent. He stated that he was not familiar with the specific permit, but there is a bond associated with it. He did not prepare the permit.
This Court has held in the past that if the record establishes that n independent contractor was engaged in the construction work, the respondent cannot be held liable for the negligence, if any, of such independent contractor [Paul vs. Dept. of Highways, 14 Ct.Cl. 479 (1983); Harper vs. Dept. of Highways, 13 Ct.Cl. 274 (1980); Safeco Ins. Co. vs. Dept. of Highways, 9 Ct.Cl. 28 (1971)].
Claim disallowed.