## LIVINGSTON v. THE MOINGONA COAL CO.

1. **Mines and Mining:** REMOVAL OF MINERAL: DEGREE OF CARE REQUIRED. The party having the right, under a reservation in a deed, to remove the coal underlying property conveyed to another owner, is held to the exercise of ordinary care in removing the coal, and if such care requires that pillars or ribs of coal be left in order to protect the property of the surface owner, their removal would constitute negligence, entitling the surface owner to damages for loss caused thereby.

*Appeal from Boone Circuit Court.*

THURSDAY, OCTOBER 24.

ACTION at law to recover for damage sustained by plaintiff on account of defendant mining coal situated under the house and premises of plaintiff, and the adjacent streets. There was a verdict for plaintiff. Defendant appeals.

*I. N. Kidder,* for appellant.

*Hull & Ramsey* and *Barcroft, Given & Drabelle,* for appellee.

BECK, J.—I. One count of the petition charges that defendant negligently removed the coal from the mines under plaintiff's premises without making or leaving sufficient supports to uphold the earth above the coal, and by reason of such want of care the surface was broken up, and defendant's house was injured. Other counts charge that defendant, without authority, removed the coal lying under the surface of the premises of plaintiff, and of the streets adjacent thereto.

The answer alleges that the plaintiff is not the absolute owner of the premises, but that his ownership is derived through a deed, wherein the right to mine coal and to remove it is reserved in defendant; and, quoting the language of the answer, "that the mining and removing said coal was done in the most careful and in the best manner, and in a way to

VOL. XLIX—24

cause the least injury to the property of plaintiff and the surface of said premises. That any injury, if any, to said property, was altogether unavoidable, and could not have been foreseen or provided against by this defendant, and that this defendant used great care, in and about all it did, in the removal and mining of said coal. And defendant further says, that in accepting said deed said plaintiff expressly released and held this defendant harmless for the pretended injuries and matters for which he claims damages in his petition."

II. The only question discussed in the argument of defendant's counsel involves the correctness of the instructions given by the court below to the jury, which relate to the obligation resting upon defendant to exercise care in mining the coal.

The deed from defendant, under which plaintiff claims title to the premises, contains a reservation of the right to mine coal in the following language: "And reserving also to said first party, his heirs, successors and assigns, all coal, coal mines, mineral products and oil beneath the surface of, and belonging to, said premises, with full and sole right to mine, and obtain and remove the same, by such means as they deem proper, without thereby incurring, in any event whatever, any liability for injury caused or damage done to the surface of the land in working coal, coal mines, minerals, mineral products and oil, and removing the same, provided the said first party shall not enter on the surface of said lands."

1. MINES and mining: removal of coal: degree of care required.

The court, in two instructions, directed the jury that defendant, by virtue of the reservation in the deed, has the right to remove the coal, provided it be not negligently done, and that to entitle plaintiff to recover he must show that the mining was negligently done, and that plaintiff sustained injury thereby. No objections are made to these instructions. The following instruction, upon the subject of the care to be used by defendant, was given the jury:

"10. Further, if you find that ordinary care and prudence

would have required the leaving of pillars or ribs of coal, when only artificial supports were substituted, or if the supports were left or placed further apart than was reasonably necessary to support the plaintiff's premises, keeping in view the question of ordinary care in so doing, it was negligence in the defendant in not leaving such pillars or ribs, or in not substituting more artificial supports in place of the coal removed, and if the plaintiff's premises were injured by reason of such failure, he may recover therefor."

It is not claimed that this instruction was not applicable to the evidence, but defendant insists it presents incorrect rules of law. Other instructions were excepted to, but are not discussed in the argument of counsel. We are not called upon to consider them.

III. Counsel for defendant relies in argument upon objection to the instruction just quoted, based upon the ground that under it defendant has not the right to remove all the coal. The rule of this instruction, so far as it is applied to the subject of "pillars or ribs of coal" to support the surface, is this: if ordinary prudence required such pillars, defendant was negligent in not leaving them.

The rule presented in other instructions, which defendant's counsel himself pronounces correct, is that defendant is liable for injury sustained by plaintiff from the negligence of defendant in removing the coal; that defendant was bound in working the mine to the exercise of ordinary care. There is no dispute as to the correctness of this rule. The instruction above quoted, which is assailed by defendant, directs the jury that, if they find ordinary care required pillars of coal, defendant is liable if they were not left in mining. What constituted ordinary care was thus properly left to the jury, under the issues in the case, the plaintiff charging negligence on the part of defendant, while it alleged the exercise of due care.

An instruction given to the jury announced the rule, which is not doubted by defendant, that "plaintiff had the right to occupy the surface of the land, and the defendant to mine the

coal, each using his property so as not unreasonably to inter-
fere with the other's right." If, for the reason that pillars
were not left, but all the coal was removed, it should be found
that plaintiff's property was destroyed, it would follow that
the failure to leave pillars would amount to an interference
with plaintiff's rights for which defendant would be liable.
It follows, therefore, that defendant can remove no more coal
than is reasonably consistent with the preservation of plain-
tiff's rights. If the surface of the land may be preserved by
substituting artificial supports, of course the coal may all be
removed.

V. Counsel for defendant relies upon *Rowbotham v. Wilson*,
8 House of Lords Cases, 348 (same case, 6 Ellis and Blackburn,
593), and *Aspden v. Sedden*, 10 Law Reports, Chy. Appeals,
394 (same case, 12 English Reports, Moak's Notes, 773), to
support the position that defendant has the right to remove
all the coal, and cannot be held liable for negligence in not
leaving pillars for the support of the surface. We think these
cases have not the force claimed for them. In neither of
them was any question raised as to the care to be used by the
miners. In the first case it is held that the mine could be
worked, though the surface was thereby rendered "uneven and
less commodious to the occupiers." It does not appear that
the surface could have been protected by any manner of
mining.

The last case was brought to restrain defendants from
working a mine, on the ground that plaintiff's buildings were
in danger of destruction therefrom. It was held that the
owner of the mine had the right, under the terms of the grant
of land to the plaintiff, to take all the coal, upon paying com-
pensation to the surface owner for any damage he thereby
sustained. The restraining order was refused on this ground.

We discover no grounds for disturbing the judgment of the
court below. It is, therefore,

AFFIRMED.