# MARANDA WILLIAMS v. SOUTHERN RAILWAY COMPANY.—396 S.W.(2d) 98.

Eastern Section. May 14, 1965.

Rehearing Denied June 16, 1965.

Certiorari Denied by Supreme Court October 18, 1965.

Hubert D. Patty, Maryville, for plaintiff in error, Maranda Williams.

Frank Montgomery, Knoxville, Joe C. Gamble, Maryville, for defendant in error, Southern Railway Co.

84

COOPER, J. This action was brought by Maranda Williams against the Southern Railway Company to recover damages to real estate allegedly caused by an earthslide into a railroad cut, made and maintained by the defendant railroad adjacent to the property owned by the plaintiff. At the close of the plaintiff's proof the court directed a verdict for the defendant railroad on the grounds (1) that there was no evidence tending to show that the railroad was guilty of negligence in either the construction of the cut or its maintenance, and (2) that there was no competent evidence from which a jury could determine the extent of plaintiff's damage. After plaintiff's motion for a new trial was overruled, she appealed, assigning the court's action as error.

On reading the record, we agree with the trial judge that the plaintiff failed to introduce evidence in support of the various charges of negligence contained in her declaration; however, negligence is not the sole basis for an award of damages where, as in the present case, injury results from the destruction of lateral support.

It is an established principle of law that every owner of land has the right to naturally necessary lateral support from the adjoining soil, and if a landowner removes the soil from his own land so near the land of his neighbor that his neighbor's soil will crumble away under its own weight, he is liable for damages naturally resulting therefrom, including damage to structures on the subsiding land, without the necessity of showing negligence or want of skill on the part of the adjoining owner in making the excavation. Puckett v. Sullivan, 190 Cal. App.(2d) 489, 12 Cal. Rptr. 55, 87 A.L.R.(2d) 740; Levi v. Schwartz, 201 Md. 575, 95 A.(2d) 322, 36 AL.R.(2d)

1241; Prete v. Cray, 49 R.I. 209, 141 A. 609, 59 A.L.R. 1241; Anno. 50 A.L.R. 491, s. 59 A.L.R. 1252; Restatement, Torts, Sections 817, 819. Cf. Morris v. Ostertag, 52 Tenn.App. 561, 376 S.W.(2d) 720.

"The liability of an adjoining owner for the removal of lateral support from his neighbor's land in its natural state is not dependent upon the lack of skill or care he exercised in making the excavation, but is absolute. An adjoining landowner who by making an excavation takes away the lateral support of his neighbor's ground so as to cause it of its own weight to fall, slide or break away, is liable for the injury regardless of how carefully he excavated. Consequently, the injured landowner may maintain an action for damages without proving negligence on the part of the adjoining owner." 1 Am.Jur. (2d), Adjoining Landowner, Section 44 p. 722, and cases there cited; see also Restatement, Torts, Sec. 817, p. 187.

■ It is where the subsidence of the property is due to the additional weight of buildings constructed thereon and not to the weight of the land in its natural condition that the person damaged must show that the excavator failed to use reasonable care in making and/or maintaining the excavation. Anno. 50 A.L.R. 503, 59 A.L.R. 1252; 1 Am.Jur.(2d), Adjoining Landowners, Sec. 48, p. 723.

In the present case, the record shows that the railroad cut was made in 1905 with a "one to one" slope, and, other than the removal of dirt from slides covering the tracks of the railroad, the cut had not been materially altered since its construction.

The record does not show the date of construction of plaintiff's house, but from pictures in the record, it is obvious that it would be classed as an "older" house.

The pictures also show that the house sets approximately 50 feet from the edge of the railroad cut.

In March, 1963, after a heavy rain, there was a large landslide into the railroad cut. As a result, a portion of plaintiff's property, extending some 6 to 9 feet from the back property line toward the house, fell away to a depth of approximately one foot. Cracks or faults, indicating the beginning of a slide, appeared some 8-10 feet inside plaintiff's property line. Further, plaintiff testified that as the result of the slide, the corner of her house cracked and separated, and introduced in evidence a picture-showing a crack in an interior concrete block wall, which she attributed to the subsidence of the property.

Raymond Franklin, a civil engineer employed by Blount County to do "the engineering involved with the construction of the county roads", was the only witness who undertook to testify as to the cause of the landslide. He stated that the slide was "due to erosion, that is water slipping over the bank."

■ Considering the above evidence in the light most favorable to the plaintiff, as we are required to do, we think a jury reasonably could find that the subsidence of plaintiff's land was the natural and proximate result of the removal of lateral support by the defendant, and that the soil fell of its own weight and pressure under the action of the elements.

"It is immaterial whether the falling of the soil is called 'caving' or 'washing' [or erosion], provided it is the natural and proximate result of removing the lateral support. Though the soil falls of its own weight and pressure, the liability for injury to the land attaches; and the fact that the falling of the soil was due to the action

of the elements does not constitute a defense." 1 Am. Jur.(2d), sec. 43, 721; see also, Restatement of Torts, sec. 817(1), p. 187.

■ The above finding of fact being reasonable under the evidence, it was not necessary for plaintiff to introduce evidence showing that the defendant railroad was negligent either in the construction or the maintenance of the cut in order to maintain her suit against the railroad (see authorities cited above), and the trial judge was in error in imposing such a burden on the plaintiff.

■ On the issue of damages, as noted above, there was material evidence that plaintiff suffered actual, perceptible damage to both her house and her land as the result of the destruction of lateral support by the railroad. The measure of these damages, being to real estate, would be the difference between the reasonable market value of the premises immediately prior to and immediately after the injury, provided the cost of repairing the injury to the property would be more than the depreciation in its value as the result of the injury, but if the reasonable cost of repairing the injury is less than the depreciation in value, the cost of repair would be the lawful measure of damages. Mink v. Majors, 39 Tenn. App. 50, 279 S.W. (2d) 714; McKinnon v. Michaud, 37 Tenn.App. 148, 260 S.W.(2d) 721.

■ The plaintiff testified that her property depreciated $25,000.00 as the result of the subsidence of her land into the railroad cut, but failed to offer any credible evidence as to the reasonable cost of repairing the damage resulting from the slide. As a consequence, the jury had no evidence before it on which to base an award of actual damages within the measure of damages set out above. It does not follow, however, that the failure to

prove the amount of actual damages required the trial court to direct a verdict for the defendant.

"Where plaintiff establishes a wrong and actual loss therefrom he is entitled to nominal damages at least, although the actual damages are not susceptible of being exactly ascertained, as where the evidence fails to show the extent of the resulting damages, or fails to furnish the facts as a basis for computing the damages under the rule applicable thereto; * * *'' 25 C.J.S. Damages sec. 12, pp. 643; Woods v. Ft. Smith & W. Ry Co. et al., 96 Okl. 1, 219 P. 650; Zvolanek v. Bodger Seeds, Ltd., 5 Cal.App.(2d) 106, 42 P.(2d) 92; Womack v. Ward, Tenn. App., 186 S.W.(2d) 619. See also 15 Am.Jur., Damages, Sections 5 and 8, pp. 390 and 395-396.

As heretofore noted, we are of the opinion the evidence in this cause, when considered in the light most favorable to the plaintiff, reasonably would support a jury's finding that the defendant, by removing the lateral support from plaintiff's property, caused it to subside of its own weight when subjected to the action of the elements. Under the above authorities, such a finding by the jury would entitle plaintiff to nominal damages, at least, and would sustain her action against the defendant. Consequently, the trial judge was in error, in our opinion, in holding that the failure of the plaintiff to prove the extent of her actual damages was fatal, and in directing a verdict for the defendant on that ground.

We have considered the advisability of making the award of nominal damages in this Court in lieu of remanding the cause for a new trial, but have concluded that to do so would deprive the defendant of its right, equal with that of the plaintiff, to have a jury decide whether the excavation of the railroad cut caused plain-

tiff's property to subside of its own weight—for which the railroad would be liable in damages—or whether the subsidence was due to the additional weight of the house, for which the railroad would not be liable in the absence of evidence of negligence either in the making of the cut or in its maintenance.

For the reasons stated, the judgment of the trial court is reversed and the cause is remanded for a new trial. Costs incident to the appeal are adjudged against the defendant.

### Petition to Rehear

The Southern Railway Company, defendant below, has filed a petition to rehear in which it is urged that this Court should have considered the defendant's plea of statute of limitation, and have dismissed plaintiff's suit on the ground that it was barred by either T.C.A. sec. 23-1424 (reverse condemnation, 1 year), or T.C.A. sec. 28-305 (property tort actions, 3 years). In support of its position, the defendant has cited Hord v. Holston River Railroad Co., 122 Tenn. 399, 123 S.W. 637 and Knott v. Louisville & N. R. Co., 144 Tenn. 676, 234 S.W. 1003, 19 A.L.R. 482, which do not consider the application of the statutes of limitation, but hold, in substance, that a landowner who has conveyed a right-of-way to a railroad cannot recover damages resulting to the remainder of his land from the construction of the contemplated improvement, in the absence of a showing that the railroad was negligent. ''[The owner] is presumed to have contemplated and arranged for all such damages in fixing the consideration for the contract, and he is therefore remitted to it.'' Hord v. Holston River Railroad Co., 122 Tenn. 399, 123 S.W. 637. We will consider, then, that the petition to rehear is also directed to the question of

whether or not the record shows that plaintiff, or her predecessor in title, conveyed the right-of-way to the defendant railroad and, if so, whether the damages suffered by the plaintiff were within the contemplation of the parties at the time of the sale.

On checking the record, we find that the defendant did not rely on the plea of statute of limitations in making its motion for a directed verdict in the trial court (nor did it rely on the plea in this court prior to filing its petition to rehear), but proceeded upon the sole ground that there was no evidence in the record to support a verdict for the plaintiff. The trial court, in sustaining the motion, did so on the grounds (1) that there was no evidence tending to show that the railroad was guilty of negligence in either the construction of the cut or its maintenance, and (2) that there was no competent evidence from which a jury could determine the extent of plaintiff's damage.

In the recent case of Harvey v. Southern Railway Company, decided March 29, 1965, 55 Tenn. App. 304, 399 S.W.(2d) 523, this court pointed out that where the motion for a directed verdict specifies the ground on which it is based, this court is limited on appeal to a consideration of the grounds assigned in the motion, and such additional grounds as the trial court may have added upon its own motion. See Friedman v. Georgia Showcase Co., 27 Tenn.App. 574, 183 S.W.(2d) 9; Morgan v. Tennessee Cent. Ry. Co., 31 Tenn.App. 409, 216 S.W.(2d) 32; Travelers Ins. Co. v. Ansley, 22 Tenn. App. 456, 124 S.W.(2d) 37; History of a Lawsuit, Gilreath, Section 362. Consequently, we must hold that the plea of statute of limitations cannot be considered on this appeal.

On the remaining issue, we find no evidence in the record indicating that the railroad acquired their right-of-way from either plaintiff or her predecessor in title, nor is there any evidence that the right-of-way was acquired under such circumstances and for such purposes that damages of the nature suffered by plaintiff should have been contemplated at the time the railroad acquired the right-of-way.

Having found no merit in the petition to rehear, it is overruled, and costs incident thereto are adjudged against the defendant, Southern Railway Company.