Frank **L. CARPENTIER** et al., Appellants,

v.

Don **A. ELLIS** et al., Appellees.

No. 7422.

Court of Civil Appeals of Beaumont, Texas.

Dec. 28, 1972.

Motion for Rehearing Overruled
Jan. 18, 1973.

Robert F. Atkins, Coldspring, for appellants.

Charles L. Blood, Houston, for appellees.

STEPHENSON, Justice.

Plaintiffs, Don A. Ellis and wife, brought this action against defendants, Frank J. Carpentier and wife, seeking a declaratory judgment, damages and injunctive relief. This case was heard by the court and judgment was rendered that plaintiffs recover the sum of $1500 for damages to their retaining wall and denying the other relief sought. The trial court made findings of fact and conclusions of law. The parties will be referred to here as they were in the trial court.

The evidence shows the parties to this suit are the owners of adjacent lots in Point Lookout Estates, a subdivision in San Jacinto County bordering on Lake Livingston. The lots were purchased before the lake was filled with water. The Trinity River Authority (hereinafter T.R.A.) had purchased land in fee for the purpose of storing the water in Lake Livingston and, in addition, had purchased a flood easement up to a certain level. Plaintiffs constructed a bulkhead or retaining wall in front of their lot on the lake side and later defendants constructed a retaining wall in front of their lot which abutted plaintiffs' retaining wall. Both retaining walls actually were constructed on T.R.A.'s property. As the water in the lake rose, the wave action caused defendants' retaining wall to fall. It is alleged in plaintiffs' petition that because of this loss of lateral support, the damage was caused to plaintiffs' retaining wall. Under the Declaratory Judgments Act, plaintiffs asked the court to find that defendants owed the plaintiffs the duty of lateral support. The injunctive relief was sought on the basis of defendants' maintaining a nuisance and asked that defendants be compelled to construct a safe and proper retaining wall.

Defendants' primary point of error is that there are no allegations or proof of negligence on their part, and it was therefore error to enter judgment against them. We have carefully examined the pleadings and find that plaintiffs' only allegation in this respect is that the damage was a direct and proximate result of defendants' failure to maintain a proper footing for their retaining wall. We do not regard that pleading as complaining of negligence. The word "negligence" does not have to be used to constitute such a pleading, but the essence must be the failure to use that degree of care that an ordinary prudent person would use under the same or similar circumstances. We construe this pleading to be one as under the absolute liability rule and will proceed to examine this case under that theory of law. Apparently this is the same view taken by the trial court, as none of the findings of fact or conclusions of law indicate the trial court was basing its judgment upon negligence.

All parties to this case agree that the Texas law as to lateral support is correctly stated in Simon v. Nance, 45 Tex. Civ.App. 480, 100 S.W. 1038, 1040 (Austin, 1907, no writ), as follows:

"By the weight of authority it is a well-settled rule of the common law that an owner of land has an absolute right to the lateral support of adjoining land. In other words, he has the right to have his land remain as it was in a state of nature, and neither the adjoining landowner, nor any one else, can rightfully remove from the boundaries of the land the supports which hold it in its natural position. Therefore, if the adjoining proprietor constructs a ditch or other excavation in such a manner as causes the soil of the complainant to cave in, slough off, or wash away, such adjoining proprietor is liable for damages, and, in a proper case, may be restrained by injunction. The right of lateral support of the soil is absolute, and does not depend upon the question of due care or negligence. However, this absolute right is limited to the soil itself, and does not apply to buildings or other structures which have been placed upon the land. When it is sought to recover damages to improvements which have been placed upon the land, then, as a general rule, the question of negligence becomes an important factor."

There are no findings of fact or conclusions of law specifically mentioning the damages allowed by the trial court. The judgment entered provides that plaintiffs recover $1500 "for their damages in this cause as a result of defendants' retaining wall having collapsed against plaintiffs' retaining wall." A careful reading of the statement of facts reveals that the trial court must have had the testimony of R. A. Lassman in mind in awarding the dam-

ages. The evidence shows that plaintiffs added a wing back to their retaining wall. Such wing back was an extension designed to prevent erosion. The waves began to wash out and undermine the wing back so additional piling and bulkheading was replaced. Lassman qualified as an expert witness as to such matters and gave this testimony:

"Q. Mr. Lassman, based on your examination of Mr. Ellis's bulkhead and your knowledge of construction costs in this area, what in your opinion would it cost Mr. Ellis to replace his wing back that is adjacent to Mr. Carpentier's lot?

"A. Well, this would be an estimate, would be pretty close. With the material, and the labor, and the moving of equipment, I would say it would run between twelve and fifteen hundred dollars."

In their brief, plaintiffs contend that the foregoing evidence supports their judgment for $1500. It is, therefore, apparent that the trial court was not awarding damages to plaintiffs for damages to the soil itself, but to the improvements made by plaintiffs.

■ The case before us is not controlled by the law pertaining to lateral support. That law is clearly and succinctly stated in 1 Am.Jur.2d Adjoining Landowners § 37 (1962), as follows:

"The right of lateral support is the right which soil in its natural state has to support from land adjoining it. The right applies only to land in its natural state. The right of an adjoining property owner to lateral support exists only so far as to require support for his land in its natural state from his neighbor's land in its natural state."

Then, at page 718, a part of § 38 reads as follows:

"No right of lateral support for land exists where the natural condition there-of has been altered through man's activities so as to create a need for lateral support where none existed in a state of nature, as where an owner raises the level of his land above his neighbor's adjoining land by filling."

Plaintiffs' and defendants' lots are not in the natural state as when purchased, and obviously it was the filling of Lake Livingston by T.R.A. and the wave action which brought about need for lateral support which did not exist before. Most of the cases we have found in Texas and elsewhere involve excavation and the application of the law of lateral support is clear. The only excavation done by defendants in the case before us was done in an attempt to construct a retaining wall to protect the land from the wave action.

We would apply the "common enemy" doctrine to the situation before us even though we find no mention of this doctrine in the laws of this state. The Supreme Court of California discusses this doctrine at length in Katenkamp v. Union Realty Co., 6 Cal.2d 765, 59 P.2d 473, 476–477 (1936), recognizing the right of defense against the inroads of the sea as a common enemy. It is stated that every owner of land exposed to the sea may erect reasonable defenses for the protection of his land from the inroads of the sea. However, even though the landowner has the right to protect himself, he is not entitled to be protected by others against the common enemy. In the case before us, the common enemy was the wave action and plaintiffs had the legal right to erect reasonable defenses to protect their land. At the same time, plaintiffs had no legal right to demand protection from defendants, other than their right at common law not to be damaged by negligent action or omissions on defendants' part.

Briefly restated, plaintiffs have no cause of action based upon lateral support under the circumstances of the case before us. Their recourse, if any, must be based upon the common law doctrine that there are

mutual and reciprocal duties on the part of adjoining landowners requiring that each use his land in a reasonable manner with due regard to the rights and interests of others. This case was tried upon the wrong theory of law and, this court having found reversible error in its trial, it is remanded for a new trial in the interest of justice.

Reversed and remanded.