**Alex CARRION, Appellant,**

v.

**Wanda SINGLEY, Appellee.**

**No. 6293.**

Court of Civil Appeals of Texas, Waco.

April 9, 1981.

Rehearing Denied May 7, 1981.

Theodore D. Smith, Jr., Killeen, for appellant.

Pierre A. Kleff, Jr., Killeen, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Carrion from judgment enjoining him from allowing further deterioration of the retaining wall on his property which supports the property of plaintiff, and further ordering defendant to repair or replace such retaining wall.

Plaintiff Singley sued defendant Carrion for injunction to prevent further deterioration of a retaining wall on defendant's land, and to order him to repair or replace such wall, which provides lateral support for plaintiff's property.

Trial was to the court which rendered judgment enjoining defendant from allowing further deterioration of the retaining wall on defendant's property, and ordered defendant by mandamus to repair or replace the wall to provide adequate support to plaintiff's property.

Defendant appeals on one point: "The trial court erred in its ruling that [defendant] had a legal duty to maintain the retaining wall on [his] property".

The retaining wall is located entirely on defendant's property. It runs adjacent to and contiguous with the boundary line separating the property of the parties, and provides lateral support to plaintiff's property. The parties are adjoining land owners in the South Rosa Terrace Addition in the City of Killeen. The subdivision consists of ter-

raced lots on a hillside upon which are located single family residences. Plaintiff's residence is located on a lot to the east of defendant's, and is the higher of the two lots on the slope. Each residence was built during the same period in 1964 by the same contractor, as was the retaining wall.

Prior to the development the terrain consisted of a slope descending from east to west. Lots were cut out of the slope in a terraced effect. In developing the terraced effect the ground was cut beneath its natural grade on the east side of the lots and filled above the natural grade toward the west to produce a level lot surface. The developer built a retaining wall located on defendant's land to support the higher land of plaintiff to the east. In the years preceding this suit, defendant allowed the retaining wall to deteriorate. Immediately prior to suit the wall was laying on its side. As a result plaintiff's lot subsided and eroded, thus endangering the foundation of plaintiff's house. There was evidence the retaining wall was improperly constructed, thus unable to withstand mass forces of soil movement; and further that water in the soil prevented from escaping by the inexplicable absence of weep holes at the base of · the retaining wall may have contributed to the collapse of the wall.

■ The right of lateral support is the right which soil in its natural state has to support from land adjoining it. The right applies only to land in its natural state. The right of an adjoining property owner to lateral support exists only so far as to require support for his land in its natural state from his neighbor's land in its natural state. *Simon v. Nance*, CCA (Austin) NWH, 45 Tex.Civ.App. 480, 100 S.W. 1038; *Carpentier v. Ellis*, Tex.Civ.App. (Beaumont) NRE, 489 S.W.2d 388; *Williams v. Thompson*, 152 Tex. 270, 256 S.W.2d 399; 2 Tex.Jur. (1) p. 26; 1 Am.Jur.2d p. 717; 2 C.J.S. Adjoining Landowners p. 15.

■ In the instant case both plaintiff's and defendant's lots had been excavated by the developer; were cut out and terraced and then portions were filled above the natural grade; and neither remotely resembled the natural state as existed prior to the beginning of construction on the properties.

In such situation we hold that defendant had no duty to maintain the retaining wall located on his property which provided lateral support to plaintiff's land.

Defendant's point is sustained. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.